THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KATHLEEN BRASMER, Defendant-Appellant.

(No. 72-24; ▮▮▮▮▮▮)

Third District—December 28, 1972.

*Rehearing denied February 2, 1973.*

Stuart Lefstein, of Rock Island, for appellant.

F. Stewart Merdian, Assistant State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The Defendant-Appellant, Kathleen Brasmer, was indicted by the Rock Island County Jury for the crime of theft in excess of $150. She pleaded guilty and requested probation. After a hearing her request for probation was denied and she was sentenced to a term of from one to three years in the penitentiary. She has appealed from the judgment of the court denying her request for probation and sentencing her to the penitentiary. The only issue presented on this appeal is the propriety of the sentence. Defendant argues the court erred in denying her request for probation.

At the time of the incident in question, Kathleen Brasmer was 24 years old, and the Clerk of the Village of Milan, Illinois. The theft was from the State of Illinois Department of Conservation and occurred over a period of approximately a year and a half. In connection with her duties as Village Clerk she sold hunting and fishing licenses for the Department. These licenses were mailed to her by the Department, and then she was expected to return either the fees for the licenses sold or unused licenses at the end of a given time period. She would retain as compensation a fee from the sale of each license.

In the year 1969 she commenced keeping for her own use some of the funds from the sale of the licenses, over and above her own fees. She testified that it was initially her intention to pay back these funds from her own future fees earned from license sales. By the end of 1969 she claimed to have paid back what was then owed the Department. By the latter part of 1970, however, she realized that she could never pay back enough funds to make up the shortages.

The defendant readily acknowledged her guilt in taking substantial sums but she and her husband did not believe that the funds taken could

have equalled the amounts claimed by the State of Illinois Conservation Department. As set forth in the probation report and in the questioning of counsel, the claimed figure is in excess of $15,000. Although no evidence was offered by the State in the probation hearing as to precisely how much was taken, the defendant initially testified that she did not know the figure taken, but later stated that she believed it was in an area of between $8,000 and $10,000. It also appeared that during the same period defendant had taken some other funds belonging to the Village, the amount thereof being in dispute, the Village claiming the amount to be $4,200 while the defendant thought the amount to be $800. The defendant was charged with this theft but the charges were not pursued.

The defendant was unable to specifically account for her use of the stolen funds, other than to indicate that she and her husband had taken a trip, made payments on a new car, and were living off the funds, plus her salary from the Village of $6,000 and fees earned from the sale of licenses. Her husband at this time owned an auto sales and garage business, but was having financial reverses and earned very little.

Defendant was a high school graduate, and had attended two colleges. She had been employed for several years and at the time of the initial hearing on the Petition for Probation was employed as a secretary in Rock Island for approximately $75 per week. At a concluding hearing of this matter she was no longer so employed since her employer had left the community, but she had then taken a job as a waitress and was making approximately the same amount of money or slightly less.

At the hearing on probation, several witnesses testified to what they believed had been her excellent character, excluding the incident in question. All such witnesses, including a police officer, indicated that they felt she would be a good risk on probation. Earl Wilde, a businessman who owned a golf course, indicated that the defendant had worked for him in the past, and that she had the opportunity to handle money but had never taken anything. Wilde also indicated that if he had an opportunity to hire her in the future, he would do so without hesitancy.

The defendant's employer at the time of the initial hearing wrote a letter to the probation officer advising that the defendant had handled $5,000 or $6,000 of his money, and that he found her to be "honest and conscientious." He felt that she was "more of an asset to society than a detriment".

The defendant herself testified that if she were granted probation, she would attempt to make restitution by paying over her weekly salary, and that she and her husband would attempt to live on the earnings of her

husband, who, at the time of the second hearing, had a job paying approximately $100 a week.

The provisions of Ill. Rev. Stat. 1971, Ch. 38, sec. 117—1, provide a person may be admitted to probation when it appears that:

"(1) The defendant is not likely to commit another offense;

(2) The public interest does not require that the defendant receive the penalty provided for the offense; and

(3) The rehabilitation of the defendant does not require that he receive the penalty provided for the offense."

According to the defendant the foregoing criteria to be considered by the trial court in determining whether probation should be granted when applied to the facts of her case do not support the trial court's conclusion that probation was inappropriate. The evidence tends to indicate and the trial court seems to have agreed, that defendant did not constitute a danger to society, that there was little likelihood that she would commit another criminal offense and that incarceration was not necessary for rehabilitation. So far as the standards of the statute are concerned the trial court did conclude in substance that the public interest did require incarceration and such conclusion may be regarded as the basis for the denial of probation.

Whether the public interest requires incarceration rather than probation has not received particular discussion in the precedents since at least broadly speaking, all of the criteria relate to the public interest. The trial court in discussing this aspect of the case referred to the position of public trust occupied by the defendant, to the substantial sums involved and the taking thereof over a considerable period of time and, finally, to the defendant's inability to recall how the money was spent.

■■ As indicated in *People v. Palmer*, 2 Ill.App.3d 934, 274 N.E.2d 658, and *People v. McClendon*, 47 Ill.App.2d 285, 265 N.E.2d 207, probation is to be preferred over incarceration although of course such preference depends upon the application of the statutory criteria. Where the offense is aggravated it well may be that the public interest justifies or requires incarceration either independently of other criteria or when such criteria are weighed and evaluated together. Aggravation determining the requirements of public interest may well refer to the nature and circumstances of the conduct constituting the offense as well as the absence of circumstances tending to diminish the criminality of the misconduct. Viewed in this manner it appears to us that the factors considered by the trial court have the cumulative effect of supporting its conclusion that the public interest required incarceration. This is not to say that incarceration should be the result of any one of the factors

considered by the trial court but rather that their cumulative effect both supports the trial court's determination and distinguishes this case from others which have considered the subject.

In reviewing the sentence imposed by the trial court it is not our function to determine the propriety thereof based on what we might have done. Rather we are required to determine whether the trial court exercised proper discretion in deciding between the various alternatives within the range of appropriate sanctions. For the foregoing reasons the judgment of the Circuit Court of Rock Island County is affirmed.

Judgment affirmed.

SCOTT and DIXON, JJ., concur.