Edward P. Drolet, State's Attorney, of Kankakee, for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TONY BELLSON, Defendant-Appellant.

(No. 73-7;

Third District—October 25, 1973.

Frederick Cohn, of Chicago, for appellant.

David Thompson, Assistant State's Attorney, of Rock Island, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Tony Bellson, defendant, was indicted in Rock Island County for the crime of selling heroin. The defendant pled guilty to one of the indict-

ments charging this crime and applied for probation. A hearing was had, the application for probation was denied and the defendant was sentenced to not less than one nor more than five years in the penitentiary.

The defendant raises several issues in this appeal, one being that there was a manipulation of judges during the various hearings had in the trial and that such contrived manipulation resulted in prejudice to him. During oral argument before this court counsel for the defendant waived this issue and acknowledged that the alleged manipulation on the part of the state did not occur. We note this issue and its disposition only because the same appears in the brief filed by the defendant.

A further issue raised by the defendant is that he is a fit candidate for probation and accordingly the denial of the same by the trial court was improper. We note that much of the activity relied upon by the defendant as indicating his rehabilitation occurred subsequent to the hearing on his application for probation. Therefore while he may be a proper recipient for a grant of probation at this time such may well have not been the situation when he was before the trial court. In any event we harbor grave doubts as to our power and authority to reduce the defendant's sentence to a term of probation even if we desired to do so. See the opinion in *People ex rel. Ward v. Moran*, 54 Ill.2d 552.

Lastly the defendant contends that the trial court erroneously imposed a legislative prerequisite to the grant of probation, to-wit, a defendant's willingness to act as an informer for law enforcement officials. In considering this assignment of error we direct our attention to the record and find the following comments and observations which were made by the trial judge during the hearing had on defendant's application for probation:

> "Now, as it has been pointed out, recently the Legislature has given a drug peddler the right to petition for probation. It would be interesting, and I have not read the arguments and comments and circumstances that took place when that bill was presented before the State Legislature. I would be willing to bet, however, that it did not mean that we should be easy on granting probation. I think they probably were intending on trying to dry up the source of narcotics, that there would, perhaps, be instances when a person who was a drug peddler should be granted probation when he is willing to cooperate with the authorities and do everything he could to stamp out this drug problem that we have in this State and this Country.
>
>        \*    \*    \*
>
> As far as I'm concerned I think the only possible way that I ould conceivably give a drug pusher probation would be some-

one that's really willing to take the chance, whatever it might be, to become a completely law abiding citizen and help the law abiding citizens stamp out the criminal element dealing in drugs. Mr. Bellson is not ready to do that from his own statement. I don't think he's a good candidate for probation and his petition for probation is denied."

After considering the trial court's statements we can only conclude that an additional prerequisite was demanded of the defendant before his application for probation could expect to receive any favorable consideration. We cannot classify the statements of the trial court as mere conjecture or speculation relating to legislative intent since they clearly reflect that if probation was to be granted to any drug pusher that individual must first demonstrate a willingness to cooperate with the authorities in an effort to stamp out the drug problem. We agree with the defendant that the trial court imposed an additional standard or requirement for probation. Such standard was a personal one of the court, and whether it has merit or not is immaterial since it imposes upon the defendant a duty or action not required by the enactments of our legislature regarding standards to be followed by the trial court in determining the granting or denial of an application for probation. Accordingly we affirm the judgment of guilty imposed upon the defendant but for the purpose of affording him a new hearing on his application for probation, we vacate the sentence imposed upon him, reverse the denial of probation and remand this cause to the trial court with directions to procure a probationary report and to conduct a new and further hearing on defendant's application for probation. See *People v. Mv-Andrew*, 96 Ill.App.2d 441, 239 N.E.2d 314.

Affirmed in part; reversed in part and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.