THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHANIEL TURNER, Defendant-Appellant.

(No. 72-230;

Third District—November 9, 1973.

*Rehearing denied December 4, 1973.*

Michael W. Hogan, of Peoria, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Nathaniel Turner, pleaded guilty to the offense of aggravated battery. The Circuit Court of Knox County denied defendant's request for probation and sentenced him to a term of from 1 to 3 years in the penitentiary.

No claim is made on this appeal that the trial court failed to properly admonish defendant of his rights before accepting his plea of guilty in accord with Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 401 and par. 402). The only issue raised on this appeal relates to the propriety of the sentence imposed, such review being governed by the application of Supreme Court Rule 615(b) Ill. Rev. Stat. 1971, ch. 110A, par. 615(b).

■■ A considerable portion of defendant's brief is devoted to the contention the trial court erred in denying his request for probation; consequently, the sentence in the penitentiary is excessive and we should modify the sentence and grant him probation. Since defendant's brief was filed in this court, the Illinois Supreme Court in *People ex rel. Ward v. Moran*, 54 Ill.2d 552, 301 N.E.2d 300, has held that Supreme Court Rule 615(b) does not authorize an appellate court to grant probation. Accordingly, defendant may not seek probation directly in this court and to that extent defendant's claim therefore is without merit and need not be discussed further.

The basic question remains as to whether there is any merit to defendant's claim the trial court erred in denying his request for probation. After reviewing the record and defendant's arguments, it is our opinion that no error was committed.

The aggravated battery charge arose out of an incident which took place in or near the defendant's pool hall. At the hearing on defendant's request for probation, the defendant's son and another employee at the pool hall, described an altercation which took place during a dice game in the back of the poolroom, between the defendant and the victim of the battery. The testimony of defendant's son and the employee is sig-

nificantly different from that offered by the victim concerning what transpired after the initial altercation. The defendant seeks to infer from the testimony of his witnesses that the victim left the pool hall peaceably, waited for the defendant outside the poolroom and that another fight ensued during which the victim was shot in the abdomen by the defendant. It is undisputed the victim was shot by a gun which the defendant had with him, although according to the victim, he was chased from the poolroom by the defendant and shot as he was attempting to get into his car across the street. As may be seen from this brief summary of the evidence, there are many conflicts in the testimony. At this juncture, it might be well to recall the controversy concerning the incident arose during the probation hearing and hence the issues were not related to defendant's guilt or innocence but only to the degree of aggravation as it related to the propriety of granting the defendant probation. Defendant did not testify at the hearing but he did present the testimony of several character witnesses in addition to the occurrence witnesses.

In reviewing the evidence in accord with the standards relating to probation as set forth in Illinois Revised Statutes 1971, chapter 38, paragraph 117—1, it is our opinion there is ample evidence from which the trial court could properly conclude probation was inappropriate. (*People v. Brasmer,* 9 Ill.App.3d 70, 291 N.E.2d 520.) We agree with defendant that a plea of guilty is not necessarily an admission of each and every fact upon which the charge is based or which may be testified to by witnesses. Yet, it is equally true that where the facts of the incident are controverted, the court is obliged to resolve such controverted facts as in any other dispute and is not required to accept the defendant's version of the incident as a correct statement of the occurrence. From the court's resolution of these facts together with the other evidence relating to defendant's character and background, we are unable to agree with the defendant the judgment of the court is erroneous. If, as we hold, the court properly denied defendant's request for probation, it also follows that the sentence of from 1 to 3 years in the penitentiary, the minimum prescribed for the offense, cannot be considered excessive.

For the foregoing reasons, the judgment of the Circuit Court of Knox County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.