The People of the State of Illinois, Plaintiff-Appellee, *v.* Thomas Gaspich, Defendant-Appellant.

(No. 73-12;

Third District—February 6, 1974.

Robert Agostinelli, Assistant Appellate Defender, of Ottawa, for appellant.

Bruce Falk, Assistant State's Attorney, of Joliet, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Thomas Gaspich, the defendant, was charged by indictment returned by the grand jury of Will County with having committed the crime of indecent liberties with a child. The defendant tendered and the trial court accepted a plea of guilty to the charge and defendant moved for probation. Following a hearing the defendant was denied probation and he was sentenced to a term of not less than four nor more than ten years in the penitentiary.

The victim of the defendant's crime was a ten-year-old newsboy. The crime occurred when the boy called at the defendant's room for the purpose of collecting for the delivery of newspapers. The defendant committed an act of fellatio upon the child.

The only issue presented in this appeal is that the trial court abused its discretion in denying the defendant's application for probation.

In support of this issue the defendant stresses the facts that the probation officer recommended probation and that the victim's mother ex-

pressed an opinion that the defendant needed psychiatric help and that she preferred that he not be sent to the penitentiary.

The defendant at the time of his assault on the newsboy was thirty-one years of age and the record is clear that he had a serious "drinking" problem which he had unsuccessfully attempted to cure. The defendant had previously committed violations of the law, but all apparently stemmed from his drinking problem. They consisted of charges of disorderly conduct, public intoxication, driving while intoxicated, and he had further been arrested and found guilty for the crime of battery.

From the record it is abundantly clear that the defendant is the pitiful product of a very harsh and unhappy environment. He was abandoned by his mother and spent a number of years in an orphanage. Later he lived with his father whom he apparently respected, but it was the defendant's lot in life to find his father dying from self-inflicted gunshot wounds.

The defendant contends that the evidence adduced during his hearing for probation sustains a finding that he is not likely to again commit a sexual offense; however, this conclusion is not that crystal clear. Nowhere in the record is there shown that the defendant has achieved an understanding of the causation of his behavior or is capable of changing his behavioral patterns.

Turning our attention to the issue raised in this appeal as to whether or not the trial court abused its discretion in denying the defendant's application for probation we first direct our attention to the statutory provisions relating to probation which provide as follows:

"117—1. Admission to Probation.)

(a) A person * * * may be admitted to probation when it appears that:

(1) The defendant is not likely to commit another offense;

(2) The public interest does not require that the defendant receive the penalty provided for the offense; and

(3) The rehabilitation of the defendant does not require that he receive the penalty provided for the offense." Illinois Criminal Code, Ill. Rev. Stat. 1971, ch. 38, sec. 117—1(a)(1), (2), (3).

In the instant case a lengthy hearing was held on the defendant's application during which the testimony of a minister interested in the defendant's welfare was heard. Testimony in the defendant's behalf was also received from an executive and the founder of an organization known as the Suburban Council on Alcoholism. The court had before it a detailed probation officer's report as well as a report from the Will

County Health Department which conducted a psychological examination of the defendant. At the conclusion of the hearing the court weighed the factors involved, to-wit, protection of society, public interest, and rehabilitation of the defendant, then entered an order which contained a finding that rehabilitation of the defendant was not possible without imposition of a penalty as provided by law.

It should be noted that the defendant does not allege that the trial court failed to weigh the evidence and arguments presented, but instead questions the correctness of the court's ruling, to-wit, the denial of probation.

■■ In the instant case the trial court so far as the standards of the statute are concerned did conclude that the rehabilitation of the defendant required that he be incarcerated in the penitentiary. This court has previously stated that "in reviewing the sentence imposed by the trial court it is not our function to determine the propriety thereof based on what we might have done. Rather we are required to determine whether the trial court exercised proper discretion in deciding between the various alternatives within the range of appropriate sanctions." (*People v. Brasmer*, 9 Ill.App.3d 70, 291 N.E.2d 520.) In the instant case we cannot find such a clear abuse of discretion on the part of the trial court as to justify our intervention. Therefore the judgment of the circuit court of Will County and the sentence imposed thereon is affirmed.

Affirmed.

ALLOY and DIXON, JJ., concur.