THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HENRY DEBATES, Defendant-Appellant.

(No. 73-165; ▮▮▮▮▮▮▮▮▮▮)

Third District—April 18, 1974.

James L. Neppel, of Rock Island, for appellant.

Trent Marquis, Assistant State's Attorney, of Rock Island, for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

On March 29, 1973, the defendant Henry DeBates was charged by information in the circuit court of Rock Island County with having

committed the crime of involuntary manslaughter. After entering a plea of guilty to this charge the defendant petitioned the court for probation. This petition was denied and he was sentenced to a term of not less than 2 nor more than 6 years in the penitentiary.

The sole issue presented for review by this court is whether the trial court abused its discretion in selecting a term of imprisonment from among the sentencing alternatives.

We are fully aware of the provisions of the Unified Code of Corrections which in certain instances permit a trial court to impose sentences of probation and conditional discharge (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—6—1(a)(3)), as well as the trial court's authority to also in certain instances impose a sentence of periodic imprisonment (Ill. Rev. Stat. 1973, ch. 38, sec. 1005—7—1 *et seq.*). No useful purpose, however, would be served in the instant case in making an examination of the evidence contained in the record since this court harbors grave doubts as to our authority to reduce the defendant's sentence of imprisonment to a term of probation even if we desired to do so. See *People ex rel. Ward v. Moran,* 54 Ill.2d 552, 301 N.E.2d 300; *People v. Bellson,* 14 Ill.App.3d 1089, 303 N.E.2d 30; and *People v. Turner,* 15 Ill.App.3d 139, 303 N.E. 2d 768.

While the defendant in the case before us asks that his sentence of imprisonment be reduced to a term of probation or in the alternative to a sentence of periodic imprisonment, we believe that the law as set forth in the case of *Moran,* which is concerned with the reduction by a court of review of a prison sentence to a term of probation, also effectively precludes us from reducing a sentence of imprisonment to the lesser alternative sentence of periodic imprisonment.

For the reasons set forth the judgment of the circuit court of Rock Island County and the sentence imposed thereon is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.