THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS McGRUDER, III, Defendant-Appellant.

(No. 72-254;

Second District—July 2, 1974.

*Rehearing denied July 25, 1974.*

Ralph Ruebner, of the State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan (James W. Jerz and Edward Morris, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE T. MORAN delivered the opinion of the court:

A two-count indictment charged the 17-year-old defendant with burglary and rape. (Defendant, on September 27, 1971, had followed a woman into her home and forcibly raped her.) On the day set for trial, he requested leave to withdraw his plea of not guilty and to enter a negotiated plea of guilty. In return for the plea, the State was to dismiss the rape charge. The trial judge admonished defendant of his rights, conditionally accepted his plea of guilty by not entering judgment thereon, and continued the case in order that the matter might be referred to the probation department for a presentence report. The report filed, defendant's plea was accepted and there was a combined hearing on probation and aggravation and mitigation. The court denied defendant's request for probation, allowed the State to dismiss the rape count and sentenced defendant to serve 3 to 9 years in the penitentiary.

Four issues are raised on appeal: (1) whether defendant's prosecution as an adult violated his rights under the fourteenth amendment of the U.S. Constitution and sections 2 and 18 of article I of the Illinois Constitution of 1970; (2) whether the trial court substantially complied with Supreme Court Rule 402 prior to accepting defendant's guilty plea when it failed to explain his right to confront the witnesses against him; (3) whether the trial court abused its discretion by denying defendant's application for probation; and (4) whether defendant's sentence was excessive.

■■ The first contention is based upon section 2—7(1) of the Juvenile Court Act (Ill. Rev. Stat. 1971, ch. 37, § 702—7(1)) which, it is argued,

makes an unconstitutional distinction by protecting a girl under the age of 18 from being prosecuted as an adult but affords the same protection to a boy only if he is under the age of 17.[1]

This same argument was recently raised in *People v. Ellis*, 57 Ill.2d 127. There the Illinois Supreme Court held that section 2—7(1) contravened section 18 of the Bill of Rights of the Constitution of 1970 (Ill. Const., art. I, § 18 (1970)) and declared the section invalid. The court resolved the question of "whether the effect of * * * holding section 2—7(1) invalid is to extend its application to 17-year-old boys, to hold it inapplicable to 17-year-old girls, or to eliminate it," by stating:

> "In view to the constitutional provision, and the amendment to section 2—7(1), we conclude that the effect of the deletion of the invalid classification from the statute is to render the statute inapplicable to both males and females who were not 'under the age of 17 years,' and that the failure to consider defendant eligible for treatment as a minor under its provisions did not deprive him of equal protection of the laws." 57 Ill.2d at 134.

Because defendant was 17 years of age at the time of the offense, his prosecution as an adult did not deny him equal protection of the laws.

■■ Defendant next contends that the trial court failed to inform him that by pleading guilty he waived his right to confront witnesses. On February 7, 1972, the trial judge admonished the defendant of all his rights except the right to confrontation but, on that date, defendant's plea of guilty was only conditionally accepted. On April 26, 1972, the court reviewed the admonishments with the defendant and included the right to confrontation. It was on this later date that the court accepted defendant's plea of guilty to the charge of burglary and entered judgment thereon. We, therefore, find no merit in this contention.

Defendant next contends that the trial court abused its discretion in denying his application for probation, asserting that: (1) he had no prior convictions (he had been arrested at age 12 for having taken magazines from a drug store and at age 14 for exposing himself to a woman but on both occasions the police released him to the custody of his parents); (2) he was an above-average student according to the principal of his high school; (3) he has had sickle cell anemia since the age of 3 and that prisons are not able to cope with this sickness; (4) he has a good relationship with his family; (5) he has sought and received psychiatric and psychological counseling while awaiting trial, has made good progress and will be rehabilitated within 3 years if not

---

[1] This section was since amended to read "no minor who was under 17 years of age * * *. (Ill. Rev. Stat. 1973, ch. 37, § 702—7(1).)

sent to prison; and (6) he received a favorable report from the probation officer who did not oppose the application for recommended probation in conjunction with periodic confinement in the Lake County Jail.

■■ The granting of probation rests within the discretion of the trial court but its determination is reviewable in order to ascertain whether it did, in fact, exercise discretion or whether it acted in an arbitrary manner. (*People v. Saiken,* 49 Ill.2d 504, 514-15 (1971), *cert. denied,* 405 U.S. 1066; *People ex rel. Ward v. Moran,* 54 Ill.2d 522 (1973); *People v. Dugger,* 7 Ill.App.3d 235, 237 (1972).) The record before us does not suggest that the trial judge acted arbitrarily or that he failed to exercise discretion in denying probation. To the contrary, the record indicates that, among other things, the court reviewed the notes and records of the hearing and gave attention to the reports and recommendations of the probation officer, the psychologist and the psychiatrist. The psychologist testified to the effect that the offense charged was the result of defendant's difficulty with impulse control, *i.e.,* that he acted impulsively in response to his feelings. The trial judge took particular notice of a section of the psychiatrist's report which stated that a clinical examination of the defendant revealed defective impulse control and that, sooner or later, when defendant's defenses were down, a similar occurrence could be expected. In view of the reports, the trial judge concluded that, because of the nature of the offense and in fairness to society, defendant was not a good prospect for probation.

Pending appeal, motions were allowed for both the State and the defendant to supplement the record. As additional evidence, the State submitted that diagnosis and treatment of sickle cell anemia within the Department of Corrections differs in no way from that of the civilian community with the possible exception that one does not have freedom to choose the attending physician. Defendant's additional evidence indicated that the ability of the Department of Corrections to directly provide care for sickle cell anemia is dependent upon the acuteness and severity of the complaint or crisis and, in those situations where routine medications alone will not suffice, it is customary to seek outside consultation or hospitalization. Defendant also submitted a letter from the Illinois Division of Vocational Rehabilitation which stated that, having interviewed defendant, they were "* * * in the process at this point of determining his eligibility for services through this division and in assessing with him appropriate vocational objectives." This evidence suggests that incarceration of defendant in the penitentiary will not preclude his receiving proper medical attention. From our review of the entire record we conclude that the trial court did not abuse its discretion by denying defendant's petition for probation.

 In the alternative, defendant argues that his sentence is excessive and should be reduced to 1 to 2 years to be served in the Lake County jail under the periodic imprisonment provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—7—1(b)(2), (5), (6), and 1005—7—3(b)). This, it is urged, would enable him to continue his therapy at the Lake County Mental Health Center, allow him to visit the National Foundation for Sickle Cell Anemia Center in Milwaukee for proper medical care during future crises, enable him to pursue a college education and allow him to pay the State room and board through his gainful employment. We agree with the trial court that the defendant should be required to serve a period of imprisonment. It has been held that we are precluded from reducing a sentence of imprisonment to the lesser alternative sentence of periodic imprisonment. (*People v. DeBates,* 18 Ill.App.3d 663, 664 (1974).) Considering defendant's age and background, we conclude that the best interest of society will be served by reducing his sentence to a term of 1 to 3 years in the penitentiary. (Supreme Court Rule 615(b)(4).)

The defendant's sentence is therefore ordered reduced to a period of 1 to 3 years and, as modified, the judgment is affirmed.

Judgment affirmed as modified.

SEIDENFELD and RECHENMACHER, JJ., concur.

