THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NATHANIEL TURNER, Defendant-Appellant.

(No. 74-153;

Third District—February 13, 1975.

Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island (Peter Lousberg, of counsel), for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Knox County denying a petition of Nathaniel Turner for post-conviction relief pursuant to section 122—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 122—1). On defendant's prior direct appeal to this court, his conviction and sentence were affirmed. *People v. Turner*, 15 Ill. App.3d 139, 303 N.E.2d 768.

In January, 1972, defendant, Nathaniel Turner was charged by complaint with aggravated battery. The facts and circumstances giving rise to the criminal charge are described in *People v. Turner*, 15 Ill.App.3d 139, 303 N.E.2d 768, and need not be repeated in this opinion. After his motion for appointment of counsel was denied, defendant retained counsel who thereafter represented him in the trial court and on the preceding appeal to this court. Defendant pleaded guilty in June, 1972, and requested probation. A probation hearing was held, probation was denied and defendant was sentenced to 1 to 3 years in the penitentiary, the minimum term provided by statute.

On this appeal defendant raises three principal issues. First, defendant argues the attorney who represented him was incompetent and failed to provide him with effective representation. Second, according to defendant, the court failed to properly admonish him of his rights as required by Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). Finally, defendant insists the sentence imposed was contrary to article 1, section 2, of the Illinois Constitution of 1970.

After defendant filed his petition for post-conviction relief in January, 1974, the court conducted a 2-day hearing. At this time the court heard

testimony presented by defendant in support of his petition as well as testimony in opposition thereto, including the testimony of the Knox County State's attorney and the attorney who had originally represented defendant. With respect to his claim that his original attorney was incompetent, defendant claims that this conclusion is required as a matter of law because his counsel should have undertaken plea bargaining; should have secured an agreement from the State's attorney before permitting him to plead guilty; should not have guaranteed that he would receive probation; should have moved to withdraw his guilty plea when the State's attorney recommended a jail sentence; should not have advised him to plead guilty when he had a defensible case; should have advised him of his legal rights and the nature of the criminal process; and finally, should have assigned as error on his direct appeal the failure of the trial court to comply with Supreme Court Rule 402.

■■■ As noted earlier, when defendant first appeared in court in response to the charge he requested the appointment of counsel. This request was denied, the court apparently concluding that defendant was not indigent, and thereafter defendant retained counsel. Defendant did not know any attorneys, and the attorney who did represent him was recommended by defendant's employer. It is well settled where a defendant is represented by counsel of his own choice, incompetency of counsel violative of constitutional rights requires a showing of representation of such a low caliber that it reduces the court proceedings to a farce or sham. (*People v. Stanley*, 50 Ill.2d 320, 278 N.E.2d 792.) As the defendant points out, although this rule is frequently announced in terms which imply a different standard of competency for counsel selected by defendant from that required of counsel not selected by defendant, the cases do not in fact set forth any meaningful distinction in the standard of competence required. We agree the cases on the subject are of doubtful support for any precise rule which permits counsel personally selected to meet some lesser standard of competence which is sufficient to meet constitutional standards. Rather, we believe the reference to the manner of selecting an attorney is merely one of the background facts or circumstances from which the character and quality of the legal assistance rendered by counsel must be viewed. Consistent with this view, we believe the fact in the instant case that the attorney selected by the defendant was one recommended by somone else is not of critical importance on the issue of incompetency of representation. See *People v. Cornwall*, 3 Ill.App.3d 943, 277 N.E.2d 766.

From the nature of the reasons now advanced by defendant in support of his claim that he did not receive effective assistance of counsel, there can be little doubt but that the defendant is primarily concerned about

his failure to receive probation. Both defendant and his counsel had the expectation defendant would be granted probation, and when this expectation was not realized, the reasons for such failure of expectation became couched in terms of incompetency of counsel.

■■ We have reviewed the reasons detailed earlier in this opinion and conclude the evidence in the record is sufficient to support the trial court's determination that the defendant was not represented by incompetent counsel. The first reason advanced by defendant in support of his argument is, we believe, central to the issues presented on this appeal, and whether the issues are considered singly or cumulatively, they do not support defendant's contention that his legal representation was a sham or a farce.

■■ The principal reason for claiming incompetency of his counsel is defendant's assertion that his counsel was under a duty to negotiate for a recommendation of probation by the State's attorney in return for defendant's plea of guilty. Where, as in this case, the sentencing expectation was not realized, it is not unreasonable for the defendant viewing the circumstances by way of hindsight to believe that somehow or other he should and could have secured a different recommendation from the State's attorney which would have been approved by the court. Such retrospective reconsideration of past alternatives does not render such prior conduct incompetent. From the record, it appears defendant's counsel did have conversations with the State's attorney and in fact had ascertained that if there was to be a trial to determine defendant's guilt, the State's attorney proposed that defendant be indicted also for attempted murder, a more serious offense carrying the heavier penalty and involving different hazards so far as a potential defense was concerned. It is also clear from the testimony of the State's attorney presented at the post-conviction hearing that the only recommendation the State's attorney could or would make was the one which he did, namely, the minimum 1 to 3 years in the penitentiary. Even though the defendant and his counsel shared the expectation that probation would be granted, it nowhere appears that the defendant believed the State's attorney would concur in such sentence or that he had any intention of recommending probation. As is apparent from the detailed requirements of Supreme Court Rule 402, the primary purpose of the rule is to provide a procedure for determining whether defendant's plea of guilty is understandably and voluntarily made. The requirement that a plea of guilty be understandably and voluntarily made does not include the requirement that defendant know in advance whether the State's attorney will make a sentence recommendation, and it does not require that the defendant know in advance the sentence which will be imposed. The openness of the pro-

ceedings in court is designed to permit the court to satisfy itself that the defendant does understand his rights and the consequences of his plea, and the plea will be voluntarily and understandably entered even though the defendant may have some hope of leniency not amounting to any condition on the entry of his plea. At the hearing at which the guilty plea was accepted by the court, the defendant expressed satisfaction with his counsel, and except for the disappointing final result, the testimony of the defendant does not show that his counsel afforded inadequate representation.

 With respect to Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), defendant argues both that the trial court failed to comply with the rule and the failure of defendant's counsel on his prior appeal to raise such issue in this court evidenced his incompetency. We do not regard counsel's failure to present this issue on the direct appeal as requiring the holding of incompetency, since the defendant's principal argument related to his claim that the sentence was excessive, a claim which was independent of and unrelated to any alleged technical deficiencies, if any existed, in the admonition procedures under Rule 402. Nor do we believe the failure to comply with Rule 402 is in and of itself a sufficient reason for granting relief in a post-conviction proceeding where the issue is not merely compliance with the rule but whether the defendant's plea under all the circumstances, including that revealed by the record made at the time of the entry of his plea, demonstrates that the plea was not intelligently and voluntarily made. (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559; *People v. Holvey*, 17 Ill.App.3d 809, 308 N.E.2d 622.) In other words, the present rule is that mere noncompliance with Supreme Court Rule 402 does not raise an issue of constitutional dimension but is relevant in a post-conviction proceeding only so far as the record does or does not demonstrate the defendant's plea was intelligently and voluntarily made. We hold that the record of the original proceeding, when considered with defendant's testimony at the post-conviction hearing, is sufficient to support the trial court's conclusion, that the defendant failed to establish from the record that his plea was involuntary or not understandably made.

██ This brings us to the defendant's last claim of error, in which he insists the sentence imposed is contrary to article 1, section 2, of the Illinois Constitution of 1970. Other than rearguing the reasons for claiming the sentence is excessive, we hold both that no constitutional issue was presented in the post-conviction hearing and further that the issue was finally decided in defendant's prior direct appeal to this court and therefore is not appropriately raised in this collateral proceeding.

For the foregoing reasons the judgment of the circuit court of Knox County is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.