THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BRUCE E. MEYER, Defendant-Appellant.

(No. 74-338;

Third District—July 14, 1975.

*Rehearing denied August 13, 1975.*

George K. Meuth, of Canton, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg (F. Stewart Merdian and Bernard Rivkin, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Bruce Meyer pleaded guilty to the offense of involuntary manslaughter (Ill. Rev. Stat. 1973, ch. 38, § 9—3). He was sentenced to a term of 1 to 3 years in the penitentiary. Defendant contends on appeal that the trial court erred in denying his request for probation.

This cause involves a tragic incident on the night of April 14, 1974, as a result of which defendant shot and killed a close friend. Defendant Meyer was 20 years old at the time and had been out shooting his automatic pistol earlier in the day. Following dinner, he returned to his mobile home in Yates City where he went to bed about 8 p.m. Near midnight he was awakened by a boisterous card game going on in his living room. Several times he asked the participants to be more quiet. At one point he went into the living room and turned down the volume of the stereo. On another occasion he shouted from the bedroom that he was going to shoot a few holes in the wall. Finally, he walked into the living room with his pistol in his hand and pointed it at various people to let them know he was serious about the noise problem. Thereafter, while he was "waving" the gun and not pointing it directly at anyone, the pistol discharged. Douglas Suydam, one of the youths who was present, was struck in the head by a bullet and died shortly thereafter at a hospital. Meyer, who later admitted that he had not checked the gun to see if it was loaded, tried in vain to assist his mortally wounded friend.

After defendant was charged with involuntary manslaughter, he pleaded guilty, following plea negotiations with the State's Attorney. The prosecutor said he would recommend a 1- to-3-year sentence in the penitentiary and would allow defendant to request probation from the court.

The trial court gave consideration to the presentence report by the probation officer and, also, to arguments of counsel prior to denying the request for probation. The presentence report disclosed that Meyer was an only child of a pipefitter; that he had a good upbringing by his parents; that he graduated scholastically in the lower level of his high school class. Meyer had 3 different jobs at different times in his first 2 years out of school, and had held a fourth job steadily for 8 months at the time of the shooting. The probation officer said there were some grounds to believe that the best interests of society would be served by placing defendant on probation. The past criminal record of defendant Meyer consisted of one disorderly conduct conviction and several traffic violations.

The State argued only that probation would "deprecate" the seriousness of the offense. The court in denying probation stated that the "only possible basis that I can see for imposing a sentence of imprisonment rather than probation is that this was manslaughter—a man died." Defendant on appeal requests not only that we find that he should have been granted probation, but that we should order probation ourselves and remand the case for determination of the duration and conditions of such probation.

This again raises the question, to which the courts have given consideration previously, of whether the appellate court has the authority, under its power to reduce sentences (Ill. Rev. Stat. 1973, ch. 110A, § 615 (b) (4), to modify a sentence of imprisonment to one of probation. We have previously noted that the Illinois Supreme Court in *People ex rel. Ward v. Moran* (1973), 54 Ill.2d 552, 301 N.E.2d 300, in interpreting former Article 117 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, § 117—1 *et seq.*) has stated that the appellate court has no such authority, but did have authority to determine that the trial court abused its discretion in denying probation. Under the Unified Code of Corrections, probation is considered a "sentence" and the result now may well be that such power is now vested in the appellate court (*People v. Rednour* (5th Dist. 1974), 24 Ill.App.3d 1072, 1076-7, 322 N.E.2d 492).

■■ As we have noted in *People v. Hart* (3rd Dist. 1973), 10 Ill.App.3d 857, 860, 295 N.E.2d 63, there is no absolute right to probation. Under the previous law, probation was not considered a sentence but rather a disposition which would be wholly within the discretion of the trial court. Under former section 117, a person could be admitted to probation if the court found (1) that defendant was not likely to commit another offense, (2) that the public interest did not require that defendant receive the penalty of imprisonment otherwise provided for the offense, and (3) that the rehabilitation of defendant does not require that he receive the penalty provided for the offense.

Under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—5—3(a), (d)), it is specifically provided that when a defendant is convicted of a felony or misdemeanor, the court may sentence such defendant to:

> "(1) a period of probation, a term of periodic imprisonment or conditional discharge except in cases of murder, rape, armed robery * * *;
> (2) a term of imprisonment;
> (3) a fine * * *."

Under the following article of the Unified Code of Corrections, under the title of "Sentences of Probation and of Conditional Discharge" (§ 1005—

6—1(a)), the statute provides that the court shall impose a sentence of imprisonment upon an offender if, having regard to the nature and circumstances of the offense, and of the history, character and condition of the offender, the court is of the opinion that his imprisonment is necessary for the protection of the public or that the offender is in need of correctional treatment that can most effectively be provided by a sentence of imprisonment. It is further provided in section 5—6—1(a)(3) that the court shall impose a sentence of imprisonment if, having regard to the nature of the offense and the character of defendant, the court is of the opinion that:

> "(3) probation or conditional discharge would deprecate seriousness of the offender's conduct and would be inconsistent with the ends of justice."

In the following section, section 5—6—1(3)(b), it is provided that conditional discharge may be the sentence when the court feels that neither imprisonment nor probation is appropriate. In another section, section 5—7—1(b), it is provided that a sentence of periodic imprisonment may be imposed, and, finally, in section 5—8—1, the various available sentences of imprisonment are set forth. There is no provision like the former section 117 explaining under what circumstances probation would be appropriate. Defendant, therefore, argues that the Unified Code of Corrections has changed the whole outlook of the criminal justice system toward probation. He argues that instead of it being virtually an act of mercy, the grant of which is in the sole discretion of the trial court, probation is now a mandated disposition for all convicted defendants, and imprisonment is indicated only where the court can make one of the findings in section 5—6—1(a). Essentially, what defendant argues is that the Code establishes a statutory right to probation or at least a presumption in favor of such disposition which must be overcome by some positive evidence relating to the particular crime or to the defendant in order to support one of the findings under section 5—6—1(a).

While we agree that this position is not without some logic, since the old law spoke of probation as something which might be granted in lieu of the usual imprisonment, and the current law speaks of imprisonment as something which should be imposed where the circumstances warrant it, we believe that defendant reads too much into the legislative change in this State.

We find nothing in the language itself which makes probation a mandatory preference sentence in every case. If this had been the legislative intent, it could have said so more explicitly. The ABA Standards Relating to Probation (§ 1.3, 1970) contain language very similar to the provisions of section 5—6—1(a) but specifies that probation should be the sentence

in every case, "unless" conditions roughly as outlined in section 5—6—1 (a)(2) exist. It seems to us to be significant that the Illinois statute does not contain any such specification making probation "the sentence unless."

■■ We, therefore, conclude from a review of the Code sentencing provisions, that no one type of disposition is favored over another, and that the trial court in each case may choose from among the broad range of sanctions, for the one which is the most appropriate to the particular case. We recognize that probation can be an effective tool in criminal justice and that it is not a way to escape sentence, but is rather a type of punishment which may be more or less desirable in many cases. Probation might be said to be the preferred disposition wherever possible, but is not a mandatory sentence nor is there any absolute right to it as we interpret the Code. (*Cf. People v. McClendon* (5th Dist. 1970), 130 Ill. App.2d 852, 854-859, 265 N.E.2d 207; *People v. Brasmer* (3d Dist. 1972), 9 Ill.App.3d 70, 73-4, 291 N.E.2d 520; *People v. Palmer* (3d Dist. 1971), 2 Ill.App.3d 934, 937-8, 274 N.E.2d 658.) We conclude that probation, which might have a higher status under the current Unified Code of Corrections, is still a part of the overall sentencing process and is an alternative which is traditionally within the discretion of the trial court. *People v. Moats* (3d Dist. 1974), 16 Ill.App.3d 840, 841, 307 N.E.2d 156.

■ For determination of the cause before us, however, we need not decide whether the appropriate procedure should be to order probation or to remand the case to the trial court for such action. We should determine first whether the court properly denied probation in this cause under the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1001—1—1 *et seq.*). In considering the issue, we have noted that the courts have often observed that a court of review should modify a sentence with caution and exercise its power to modify only in clear-cut cases, since a trial judge is in a superior position, normally, to determine the appropriate sentence.

In the instant case, the trial court made the observation that granting probation would "deprecate the seriousness of the offense." The trial court specifically found no need for rehabilitation of defendant and thought that Meyer would not be a threat to society. Defendant argues, that on the basis of these findings and his background, as reflected in the probation report, the court erred in imposing a sentence of imprisonment. While probation is a permissible disposition for the crime of involuntary manslaughter, we must conclude from the record and the findings of the trial court as to probation that the sentence of imprisonment was not arbitrary nor an abuse of discretion. A handgun is an extremely dangerous weapon. Waving a pistol in a small crowded room, oblivious to whether it is loaded or not, is a hazardous and reckless act. We cannot

find that appropriate punishment for such conduct, where a death results, such as the sentence imposed in this case, is unreasonable or improper.

Considering the nature of the incident and the history and character of the defendant, we cannot find that the court was not exercising its discretion properly in finding that "probation would deprecate the seriousness of defendant's conduct and would be inconsistent with the ends of justice." Defendant was sentenced to a minimum period specified for the crime to which he pleaded guilty, of 1 to 3 years in the penitentiary. Since we find that the trial court did not abuse its discretion in sentencing in this cause, we affirm the judgment of the Circuit Court of Knox County.

STOUDER, P. J., and STENGEL, J., concur.