THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FRANK L. McGEE, Defendant-Appellant.

Second District    No. 75-309

Opinion filed June 10, 1977.

Ralph Ruebner and Allen Wiederer, both of State Appellate Defender's Office, of Elgin, for appellant.

William Sisler, State's Attorney, of Freeport (Phyllis J. Perko and Martin P. Moltz, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant pleaded guilty to a charge of theft of more than $150 and was sentenced to serve a term of imprisonment of from 1-3 years.

On appeal it is argued that this court should exercise its powers under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)), and reduce defendant's sentence to one of periodic imprisonment. If this court should conclude that it does not have power to reduce defendant's sentence to one of periodic imprisonment, defendant argues, in the alternative, that this court should reverse his sentence and remand to the trial court for resentencing in order that the trial court might consider the possibility of a sentence of periodic imprisonment.

In *People v. DeBates* (1974), 18 Ill. App. 3d 663, 310 N.E.2d 228, the Third District Appellate Court reached the conclusion that the appellate court does not have the power to reduce a sentence of imprisonment to one of periodic imprisonment. This court has noted the holding of *People v. DeBates* without comment, in *People v. McGruder* (1974), 20 Ill. App. 3d 987, 313 N.E.2d 507.

In *DeBates* the Third District Appellate Court reached its conclusion on the basis of a reading of the Illinois Supreme Court's decision in *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300. In *Moran* the supreme court concluded that appellate court review of sentences pursuant to Supreme Court Rule 615(b)(4) did not extend to empower the

appellate court to reverse a sentence of imprisonment and impose, on appeal, a term of probation. In reaching this conclusion the court distinguished a grant of probation from a sentence of imprisonment, noting that, in granting probation, the role of the trial court was greatly at variance with the trial court role in sentencing to imprisonment. The supreme court pointed out that where a term of probation is involved "the trial court [is] vested with discretion to impose additional conditions * * *" and that the trial court is "statutorily authorized to determine whether a defendant [has] violated probation and to alter the terms of probation or incarcerate [defendant] if such finding [is] made." *Moran* was decided under the laws applicable prior to the effective date of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*).

The decision of the Illinois Supreme Court in *Moran* was approved and applied in *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, which was decided under the Unified Code of Corrections. In *People v. Rege* (1976), 64 Ill. 2d 473, 356 N.E.2d 537, the Illinois Supreme Court noted that in the interim between the adoption of the Unified Code of Corrections and its decision in *Bolyard* divergent views were expressed by the appellate courts as to whether the reviewing courts had the authority to reduce a sentence of imprisonment to probation when the trial court had either failed to exercise or abused its discretion in denying probation. The supreme court further stated that it had settled the issue in *Bolyard*. In *Bolyard* the court concluded, as it had in *Moran*, that Rule 615 did not grant a reviewing court authority to reduce a sentence of imprisonment to probation. *Bolyard* was determinative of the issue presented in *Rege*, in which the supreme court similarly held that the appellate court erred in remanding a case with directions to grant probation.

Sentencing to periodic imprisonment requires of the trial court the same role as that of sentencing to probation which the supreme court noted in *Moran* and *Rege*. (See Ill. Rev. Stat. 1975, ch. 38, pars. 1005—7—1 and 1005—7—2.) Sentencing to probation or periodic imprisonment requires the trial court to exercise broad, sweeping discretion as to disposition and continuing supervision of the defendant. Such sentence is best imposed by the trial court in view of the unique opportunity of that court to observe the demeanor of the witnesses and defendant and in view of the trial court's familiarity with the environment in which defendant resides and of the alternative sentencing dispositions presented by that environment. We conclude, similarly to the court in *DeBates*, that *Moran, Bolyard* and *Rege* govern the case at hand. This court is not empowered, by Rule 615(b)(4), to impose a sentence of periodic imprisonment.

The next contention raised by defendant is that this case should be

remanded to the trial court for resentencing in view of the fact that the trial court did not consider periodic imprisonment as a sentencing alternative. Reviewing the record we note that the prosecuting attorney referred to the sentencing alternative of periodic imprisonment in his closing argument. Periodic imprisonment was also referred to in the presentence report which the trial judge indicated he had "carefully examined." The record reflects the trial judge's thoughtful consideration of the sentence imposed. We find no basis for remanding for resentencing.

The judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and WOODWARD, J., concur.