THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SUZANNE M. SIMPKINS, Defendant-Appellant.

Third District   No. 77-284

Opinion filed August 7, 1978.

James D. Reynolds, of Peoria, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Suzanne M. Simpkins, was convicted after a jury trial of the offense of reckless homicide in violation of section 9—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 9—3). Subsequent to denial of her post-trial motion for a new trial she was sentenced to a term of imprisonment of not less than one nor more than three years.

On appeal defendant raises two issues: (1) Whether the trial court committed reversible error in denying defendant's post-trial motion for a new trial based upon newly discovered evidence; and (2) whether the trial court abused its discretion by sentencing the defendant to a sentence of incarceration.

On August 6, 1976, a white Chevrolet Nova struck Russell Herschberger as he was fixing a driver's side flat tire on his automobile. Ten days thereafter he died from the injuries sustained in the accident. The victim's car was illegally parked in a no parking zone. Marietta Street, where the accident occurred, also was lined with parked semitrailer trucks at the time of the accident so that only 20 feet of the street remained for cars to travel upon. Three witnesses testified that they saw the white Chevrolet Nova some time shortly before the collision. They all testified that the white Nova did not have its lights on; but none of those witnesses saw the actual collision. The speed of the vehicle was estimated somewhere between 35 and 40 miles per hour in the 30 miles per hour zone. These witnesses described the way the white Nova was being driven as not in an erratic manner, that it did not slow down or speed up near the scene of the accident, and that it proceeded to the next intersection, stopped at the stop sign, and then proceeded on.

The investigating police officers found an automobile matching the description of the one involved in the hit and run further down Marietta Street. They questioned defendant's mother and learned that the defendant had arrived home 15 or 20 minutes earlier and was asleep. Upon awakening defendant, the officers testified that she stumbled, had trouble walking, and that her breath smelled of an odor similar to the ingredients contained in intoxicating liquors. Upon being questioned the defendant admitted that she had traveled past the point where

Herschberger was struck on her way home. She stated that she had spent a portion of the evening in a tavern during which time she consumed some liquor. She denied striking Herschberger or that she saw his car with its emergency flashing lights on, when she traveled upon Marietta Street. The police reported that defendant had a small cut on her right eye which defendant explained as a bump she received when she parked her car at her residence in attempting to retrieve her purse which had fallen to the floor.

The physical evidence introduced at the trial included a parcel of human skin which was found on the bumper of defendant's white Chevrolet Nova automobile and a cotton type thread found on the windshield wiper. The expert witness who ran the tests on the cotton material found in the windshield wipers testified that such material was similar to the type of material used in the shirt worn by the decedent on the date of the accident.

Defendant first contends that the trial court erred in refusing to grant her motion for a new trial based upon a newly discovered eyewitness to the impact between the car and the decedent. At the post-trial motion hearing defendant offered the testimony of the newly discovered eyewitness, Billy Joe Leake, Jr. Leake testified that he saw the actual impact. His testimony corroborated the other witnesses in stating that the car was white, did not have any lights on and was traveling approximately 30 to 35 miles per hour. He testified Herschberger was struck by the front bumper of the white car and from the impact was pushed directly forward of the car. Leake further stated that the white automobile did not speed up after the collision and was not being driven erratically but to the contrary stopped at a stop sign at an intersection after the collision and then proceeded on down Marietta Street.

■■ The question of whether evidence discovered subsequent to trial is cause for a new trial is largely left to the sound discretion of the trial court. (*People v. Watkins* (1st Dist. 1975), 34 Ill. App. 3d 369, 340 N.E.2d 92.) Absent a showing of abuse of that discretion a court of review will not disturb the ruling of the trial court. (*People v. Reese* (1973), 54 Ill. 2d 51, 294 N.E.2d 288.) Much of the newly discovered evidence in this case substantiates the testimony and other evidence presented at the trial. More particularly the newly discovered eyewitness agreed with all the other evidence as to the description, absence of lights and speed of the car and further corroborated the evidence of human skin being found on the bumper of defendant's car by stating that the bumper of the white car struck Herschberger. The only conflicting evidence was that the impact of the collision forced the decedent forward from the car rather than upward and onto the hood as was suggested by the State's evidence of a strand of cloth found on the windshield wiper of defendant's car of a type

similar to that of the decedent's shirt. At first glance some inconsistency appears. Whether defendant was thrown forward only or upward and into the windshield depends upon many factors, such as the speed of the automobile and whether the decedent was kneeling down by the wheel or in the process of straightening up or actually standing at impact. Resolution of which of these inconsistent observations is the most credible is particularly suited for the trier of fact. Here, however, the inconsistency of the newly discovered evidence with the evidence at trial is not so great as to cause the trial court's denial of defendant's motion for a new trial to be an abuse of discretion. Further the defendant failed to demonstrate her diligence to secure the newly discovered evidence before the trial was over. We believe the later discovered evidence sufficiently corroborates the other strong evidence of guilt presented at the trial and that it would not cause the jury to reach a different verdict had it been available to defendant and presented at the trial.

■■ The defendant's second claim of error is that the trial court abused its discretion by sentencing her to a term of incarceration. The defendant's brief admits that under the authority of *People v. Rege* (1976), 64 Ill. 2d 473, 356 N.E.2d 537, it is not permissible for us to reduce defendant's sentence to one of probation or periodic imprisonment. We do, however, have the authority to review the record in order to determine whether the trial court abused its discretion in sentencing generally and if such an abuse is discovered a remand may be ordered for a new sentencing hearing. Upon careful consideration of the record before us we conclude that no abuse of discretion occurred in sentencing defendant. The trial court was well aware of defendant's lack of a criminal record and her otherwise reputation for being a law-abiding citizen prior to this incident. The trial court was also well aware of the nature and circumstances of this particular offense. For the record the trial court stated in handing down sentence that pursuant to section 5—6—1(2), (3) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—1(2), (3)), his failure to impose a sentence of imprisonment would deprecate the seriousness of the offense. The sentence imposed was the minimum term authorized by statute. The case of *People v. Meyer* (3d Dist. 1975), 30 Ill. App. 3d 673, 332 N.E.2d 606, is analogous to the present one and is authority for the conclusion that the minimum sentence of a term of imprisonment was not excessive nor an abuse of discretion by the trial court under the circumstances.

The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER and STENGEL, JJ., concur.