THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MIKE ROMERO, Defendant-Appellant.

Third District   No. 78-166

Opinion filed January 10, 1979.—Rehearing denied February 22, 1979.

Dennis A. DePorter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (Joseph A. Mueller and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant pleaded guilty to five counts of delivery of cannabis and controlled substances, and was sentenced by the Circuit Court of Peoria County to concurrent terms of imprisonment of one to three years.

On appeal the defendant contends that this court should exercise its powers under Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4)), and reduce defendant's sentence to one of probation, or at most, to a sentence of probation with a jail term as a condition of probation. During oral argument of this cause defendant's counsel requested that if this court should conclude that it does not have power to reduce defendant's sentence to one of probation, we should in the alternative, reverse his sentence and remand to the trial court for resentencing in order that the trial court might consider the possibility of a sentence of probation.

Defendant is a 23-year-old honor graduate of Moline High School with a bachelor's degree in business administration from Bradley University. He is currently employed as a salesman working 65 hours per week and earns about $500 in commissions each month. His current employer and all his past employers say defendant is a highly reliable, ambitious young man, a hard and good worker. The presentence investigation concluded that defendant is "a friendly, concerned, generous and considerate individual who is a valued member of his neighborhood and community." He has one prior conviction—theft under $150—in 1974 for which he was fined $100.

Between March 12 and March 28, 1977, defendant made five separate drug sales to undercover agent Paul Brenkman. All of the sales were for relatively small amounts, ranging from 1/10 to 9/10 of a gram of LSD and about 26 grams of cannabis. Defendant admitted making the sales, but said he did so as a matter of friendship and accommodation rather than to derive a profit. In aggravation the State presented two witnesses, Mike Hart, who was defendant's roommate for a short time, and Hart's sister Linda Gaumer. Both witnesses were also charged with selling drugs to Agent Brenkman. Both testified to defendant's possession, use and sale of other drugs, including his sale of about 100 "hits" of LSD. Mr. Hart stated that the defendant was "supplying drugs to everyone" that lived at the house in Peoria. In mitigation defendant presented Pam Mathis, an employee of the City of Peoria, who said Mike Hart was a known liar and

defendant was a nice guy whom people took advantage of. Defendant also presented letters and testimony from employees, professors and friends, all of whom agreed "he is a good boy."

This court in *People v. DeBates* (3d Dist. 1974), 18 Ill. App. 3d 663, 310 N.E.2d 228, reached the conclusion that we did not have the power to reduce a sentence of imprisonment to one of periodic imprisonment. We reached that conclusion on the basis of *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552, 301 N.E.2d 300. In *Moran* the supreme court concluded that appellate review of sentences pursuant to Supreme Court Rule 615(b)(4) did not empower the appellate court to reverse a sentence of imprisonment and impose, on appeal, a term of probation.

*Moran* was approved and applied in *People v. Bolyard* (1975), 61 Ill. 2d 583, 338 N.E.2d 168, which was decided after the effective date of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). Defendant relies on several appellate court cases, all prior to 1969, supporting his contention that in a proper case, the appellate court has authority to grant probation. In *People v. Rege* (1976), 64 Ill. 2d 473, 356 N.E.2d 537, the court noted that before their decision in *Bolyard*, divergent views were expressed by appellate courts as to whether the reviewing courts had the authority to reduce a sentence of imprisonment to probation when the trial court had either failed to exercise or abused its discretion in denying probation. The supreme court further stated in *Rege* that it had settled the issue in *Bolyard*.

We have reviewed the record carefully and find that the trial judge properly exercised his discretion in denying probation. We note the court's comment at pages 204-10 of the transcript.

"I'm going to sentence him to 1 to 3 years * * *. I feel that to do otherwise would deprecate the seriousness of the crimes * * *. I have given this matter a lot of consideration, and this much activity, five convictions plus what goes on * * * is too much to give probation.

* * *

I didn't make up my mind on this until I had heard everything and I have done the best I can."

The record reflects the trial judge's thoughtful consideration of the sentence imposed. We do not find any basis for an abuse of discretion and consequently no basis for resentencing. See *People v. McGee* (2d Dist. 1977), 49 Ill. App. 3d 205, 364 N.E.2d 107, *appeal denied* (1977), 66 Ill. 2d 634.

The judgment of the trial court is affirmed.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.