THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. LONDON FREEMAN, Plaintiff in Error.

*Opinion filed April 21, 1910.*

1. CRIMES AGAINST CHILDREN—*uncorroborated testimony of a child must be clear and convincing to justify conviction.* While the rule permitting a conviction for rape on the uncorroborated testimony of the prosecutrix may fairly apply to a prosecution, under the Illinois statute, for taking improper liberties with a female child, yet such testimony, as in rape cases, must be clear and convincing in order to sustain a conviction.

2. SAME—*statute must be strictly enforced but evidence must be carefully examined.* The statute providing for the punishment of a person taking indecent liberties with a female child must be strictly and impartially enforced, but it is especially necessary, in view of the public indignation aroused by prosecutions for such offenses, to carefully examine the evidence in order to determine that the verdict is not the result of passion or prejudice.

FARMER, C. J., and COOKE, J., specially concurring.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.

LUCIEN H. BARKDULL, (JOHN H. KANE, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E.' W. WAYMAN, State's Attorney, and JUNE C. SMITH, (ZACH HOFHEIMER, of counsel,) for the People.

Per CURIAM: Plaintiff in error was tried at the December term, 1908, of the criminal court of Cook county for taking improper liberties with a female child, under an

indictment based on paragraph 42*ha* of the Criminal Code. (Hurd's Stat. 1908, p. 716.)  He was found guilty and sentenced to the penitentiary.  This writ of error has been sued out to review the record of the criminal court.

Plaintiff in error was thirty-two years of age at the time of the alleged crime.  He worked at painting and decorating during the busy season and was employed as a porter in a barber shop at other times.  From March, 1908, until arrested for this offense, he roomed and boarded in the flat of Viola Allen, a widow, at 5038 State street, Chicago.  Mrs. Allen was the mother of Odessa Allen, the prosecuting witness herein, a child about eight years old. The mother testified that July 23, 1908, while washing her family clothes, she noticed that the child's drawers were stained with a mattery substance and immediately questioned Odessa about it.  Thereafter, the same day, she saw the plaintiff in error and told him what her daughter had stated, and he denied having touched the child.  Plaintiff in error testified that Mrs. Allen told him of the condition of the drawers and that she had questioned her daughter and asked her if any little boys had been fooling or playing with her, and that the child said no; that Mrs. Allen stated that she then told Odessa she knew better, and unless she (Odessa) told the truth she would get a whipping, and that then Odessa said it was plaintiff in error.  Plaintiff in error denied that he had ever harmed or trifled with Odessa. The same afternoon the mother took the daughter to her family physician, next door, and he made an examination and found the child's private parts swollen, inflamed and discharging a muco-purulent matter.  This doctor testified that he told the mother the little girl was suffering from vaginitis,—a common condition among female children of tender age, due to uncleanness; that that statement seemed to anger the mother, who left his office abruptly; that during this visit he told the mother not to charge anyone with crime unless she was sure; that he took some of the pus

from the child's private parts and examined it and found no gonorrheal germs. Thereafter, the same day, Mrs. Allen swore out a warrant and plaintiff in error was arrested on his return from work in the evening. The prosecuting witness, Odessa, testified that on July 21, 1908, plaintiff in error called her into his room in her mother's house, lifted her onto his lap and put his hand under her clothes; "then he unbuttoned my drawers; I saw his private person at that time and he then put his private person into my person." She further testified that she had not played with any little boys and that she had no pain in her private parts. Five days after the plaintiff in error was arrested, that is, July 28, 1908, Mrs. Allen took her daughter to the city physician for examination. He testified that he found the girl's private parts swollen and inflamed, with a muco-purulent discharge from the vagina; that he examined some of the pus under the microscope and found the gonorrheal germ present, and could say from said examination that the girl was then suffering from gonorrhea. Plaintiff in error testified that he never had gonorrhea. There was testimony to the effect that the plaintiff in error had always borne a good character. It appeared on the cross-examination of the mother that she had made the statement that she would not have had plaintiff in error arrested if her brother-in-law had not sent her word that if she did not do so he (the brother-in-law) would have her (Mrs. Allen) arrested. There was also testimony tending to show that the daughter had not always been truthful with the mother. This was substantially all the testimony heard.

It is argued that the evidence is not of such a character as to justify a conviction. This court is committed to the fullest extent to the doctrine that the jury are the judges of the facts and the weight of the evidence in criminal cases. It is the duty, however, of the court to carefully review the evidence, and where a conviction is based upon unsatisfactory evidence, or where, after it has been care-

fully examined and considered, there remains such a grave and serious doubt of the guilt of the accused as to lead to the conclusion that the verdict of the jury is the result of passion or prejudice and not of that calm deliberation that the law requires, then it is the duty of this court to so find. (*Keller* v. *People,* 204 Ill. 604; *People* v. *Bolik,* 241 id. 394.) The offense charged in the indictment, of taking immoral, improper and indecent liberties with a small child, is a most detestable one, and the courts, therefore, should see to it that the law punishing such crimes is strictly and impartially enforced.

It is argued that the city physician's testimony that Odessa Allen had gonorrhea tends to corroborate her testimony as to what plaintiff in error did to her. There is no other evidence that can even be claimed to corroborate the testimony of the prosecuting witness. No other person testifies that she was in plaintiff in error's room on July 21, 1908, or at any other time, and the plaintiff in error denies her presence there. The medical authorities all agree that female children under ten years of age, or even older, frequently have a mucous discharge from their private parts without having had sexual intercourse; that such a disease is known as vaginitis, or infantile leucorrhea. Taylor's Medical Jurisprudence, (12th Am. ed.) 676, 679; 2 Peterson & Haines' Text Book of Legal Med. and Tox. (1904,) p. 151; 3 Ency. and Dict. of Med. and Surgery, p. 483; 3 Reference Handbook of Medical Sciences, p. 357.

We find no evidence in the record as to how long the little girl had worn the drawers or whether the stains had been there previous to July 21, 1908. There was no evidence offered before the jury as to how many persons lived in the flat occupied by Mrs. Allen. In an affidavit offered by plaintiff in error on a motion for new trial it is stated that two men and two women roomed there, besides Mrs. Allen and her daughter and plaintiff in error. The evidence in a case of this character is very like to that in the

crime of rape. Of the latter crime Greenleaf says: "It is to be remembered, as has justly been observed by Lord Hale, that it is an accusation easily made, hard to be proved and still harder to be defended by one ever so innocent." (3 Greenleaf.on Evidence, sec. 212; 1 Hale's Pleas of the Crown, 634; *Shirwin* v. *People,* 69 Ill. 55.) Public indignation is even more apt to be aroused in prosecutions for crimes of this kind against children than when the charge is brought by an adult. It is especially necessary that the courts should carefully examine the evidence in such cases in order to see that the verdict is not the result of passion or prejudice on the part of the jury.

Counsel for the defendant in error insist that this case cannot be distinguished, on the facts, from *People* v. *Lutzow,* 240 Ill. 612, where this court affirmed the conviction. The evidence in the two cases is very different. In the *Lutzow case* the little girl was found in a locked room with the defendant. The testimony by several physicians who examined her that she had gonorrhea was uncontradicted. The evidence in that case tends strongly to show that the defendant had been afflicted with that disease, and there was other evidence tending to corroborate the testimony of the prosecuting witness. In the case before us, granting that the prosecuting witness had gonorrhea, the evidence does not prove beyond a reasonable doubt that the disease was caused by contact of the private parts of plaintiff in error with the person of the prosecuting witness. We find no evidence in the record that her private parts were torn or lacerated in any way. Neither of the physicians testified that there were any indications that violence had been used in an attempt to penetrate the private parts. The hymen was not broken or injured. The testimony of the little girl, therefore, stands entirely uncorroborated, except by inference from the testimony heretofore referred to. In the absence of statute to the contrary, the testimony of the

prosecutrix, uncorroborated by other witnesses, may be sufficient to justify a conviction for rape. (*Brenton* v. *Oklahoma*, 15 Okla. 6; 6 Am. & Eng. Ann. Cas. 769, and note; 10 Ency. of Evidence, p. 600.) We have no statute to the contrary in this State. In order, however, to justify a conviction for rape on the uncorroborated testimony of the prosecutrix, such testimony must be most clear and convincing. (*Brown* v. *State*, 127 Wis. 193; 7 Am. & Eng. Ann. Cas. 258.) These same rules of law may be fairly held to apply to the evidence of the prosecuting witness in this class of offenses. The evidence of the little girl here is not clear and convincing. She did not disclose to her mother that anyone had anything to do with her until she was threatened with a whipping. The mother visited the plaintiff in error in jail and told him the little girl still "stuck to her story." It was natural that she should, after she had once told it and the whole subject had been talked over, with the accompanying excitement of the arrest and imprisonment of plaintiff in error. In our judgment the evidence in this record is not sufficient to justify conviction.

The judgment of the criminal court of Cook county will be reversed.              *Judgment reversed.*

FARMER, C. J., and COOKE, J., specially concurring: We concur in the view of the majority that this judgment must be reversed, but in our opinion the reversal should be upon the ground that the evidence, if it proves anything, tends to show the crime of rape, which was not charged in the indictment and is expressly excluded from the statute relating to indecent liberties with children, under which this prosecution was had.