The People of the State of Illinois, Plaintiff-Appellee, v. James Noblin, Defendant-Appellant.

(No. 58467; )

First District (3rd Division)—December 6, 1973.

James J. Doherty, Public Defender, of Chicago (Harold A. Cowen, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Mariann Twist, and Ronald Mendes, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, James Noblin, was charged with armed robbery. After a jury trial defendant was found guilty of that crime and was sentenced to 6 to 18 years. Defendant contends that the trial court erred in admitting his confession into evidence; that he was not proved guilty beyond a reasonable doubt; that the court erred in restricting the cross-examination of a State witness; and that the jury was prejudiced by the improper testimony of a police officer.

Defendant was charged with the armed robbery of Rothchild's Liquor Store which occurred on January 1, 1970. He was arrested two weeks later carrying a gun. Prior to trial, defendant made a motion to suppress his oral statements. After a hearing, the trial court denied the motion to suppress the statements. At that hearing, the following evidence was adduced.

Officer Leonard Sykes of the Chicago Police Department testified that he and his partner Thurman King were summoned to their district police station on January 14, 1970. After talking to the police officers who arrested defendant, Sykes and his partner advised defendant of his constitutional rights. The officers then engaged in a conversation with defendant in a station cell. Defendant said he understood his rights and did not ask to see an attorney or any member of his family. The officers had checked the registration of the gun found on defendant's person when he was arrested, and they had learned it was stolen during a robbery in 1969. When they so informed the defendant, he voluntarily gave a statement. Defendant also stated that he knew he had violated his parole by having a gun. Officer Sykes further testified that they spoke with defendant for about 20 to 25 minutes, and that defendant did not seem to mind talking. The defendant stated that all his life he had been suppressed and held down by the white man. Sykes also testified that he and his partner used no coercion, physical or mental, on defendant, and that they made no promise to defendant in exchange for the statement.

Defendant testified at the hearing that at the time of his arrest he was advised of his right to keep silent, but that Officers Sykes and King did not advise him of his constitutional rights at the police station. Defendant also testified that he was exhausted at the time of the conversation. The police brought him food, but he did not eat it. Defendant further testified that he was not beaten, and that he did not give a statement to the police officers. Defendant also stated that Sykes promised to seek leniency through the State's Attorney if defendant cooperated. After hearing the foregoing testimony, the trial judge denied defendant's motion to suppress his statements.

At trial, Officer Robert Mackey testified that on January 14, 1970, he responded to a radio communication that a man with a gun was present in a gas station. Officer Mackey and his partner apprehended defendant and found a gun on his person.

Sam Greenberg testified that he was the manager of a Rothchild's Liquor Store located in the City of Chicago. On January 1, 1970, at about 12:30 P.M., a man, carrying a handgun, entered the store, and fired a bullet into the alarm located in the ceiling. He demanded the cash in the register, and stated that he wanted to kill the white man. Greenberg, who had been robbed before, stated that he was particularly frightened by this threat on his life. After Greenberg pleaded for his life, the robber left. Greenberg at trial was unable to identify the defendant as the robber.

Officer Sykes' testimony at trial paralleled that given at the motion to suppress. Defendant told the officers that he had the gun in his possession since December, 1969, and that he had robbed the Rothchild Liquor Store on January 1, 1970; that he had shot out the alarm box; and that there were six employees in the store along with some customers. Sykes testified that defendant said that he committed the robbery because the white man had been "on his back all his life and was resentful to his problems that he had had as a child." Sykes, on cross-examination, testified that defendant's statements were not reduced to writing, and that defendant had told them about a number of robberies. Officer King testified and corroborated Sykes' testimony.

Through the testimony of his wife, daughter and the daughter's girl friend, defendant offered alibi evidence that he was home on the day in question.

Defendant initially contends that his confession was neither voluntary nor credible, and that the trial court erred in denying his motion to suppress the confession.

■■ On an issue raised by the motion to suppress the confession, the State need not establish the voluntary nature of a confession beyond a reasonable doubt; it is sufficient to show by a preponderance of the evidence that it was voluntary. (*People v. Baker* (1973), 9 Ill.App.3d 654, 292 N.E.2d 760; *People v. Schultz* (1972), 8 Ill.App.3d 827, 291 N.E.2d 194.) The question of whether a confession is voluntary is for the trial court to decide, and a reviewing court will not disturb the trial court's decision unless it can be said that its finding was against the manifest weight of the evidence. (*People v. Hawkins* (1972), 53 Ill.2d 181, 290 N.E.2d 231; *People v. Kirk* (1966), 36 Ill.2d 292, 222 N.E.2d 498.) Whether a statement is voluntarily given depends on the totality

of circumstances and not on any one factor. The test is whether it has been made freely, voluntarily and without compulsion or whether the defendant's will was overcome at the time he confessed. *People v. Prim* (1972), 53 Ill.2d 62, 289 N.E.2d 601.

■■ We hold that the trial court did not err in finding the confession was made freely, voluntarily and without compulsion or inducement. Defendant testified that he was exhausted, but not beaten; that he was promised leniency if he gave a statement; that he was not informed of his constitutional rights; and that, in any event, he did not give a statement to the police. Officer Sykes, on the other hand, testified that he informed defendant of his constitutional rights; that defendant stated that he did not mind talking; and that defendant freely gave an oral statement which was not reduced to writing. The issue of the voluntariness of the statement thus became one of the credibility of the witnesses, a matter within the province of the trial court.

Defendant's argument that his confession was incredible is based upon his assertion that Officer Sykes contradicted himself in his testimony. Defendant maintains that Sykes, at the hearing on the motion, testified that it was the white man's repression which caused defendant to confess to the robbery, while at trial Sykes testified that it was the white man's repression which caused defendant to commit the robbery. Even if defendant's factual assertion were accurate, we do not believe that Officer Sykes' testimony necessarily would be incredible. It well might be that defendant confessed to the crime for the same reason he committed it. Moreover, a careful reading of Sykes' testimony at the hearing on the motion reveals that when he mentioned defendant's comment on the white man's repression, Sykes was not stating this fact as defendant's motive for confessing the robbery. The trial court did not err in denying defendant's motion to suppress his statements.

Defendant's next contention that he was not proved guilty of the crime beyond a reasonable doubt is conditioned on his claim that the confession was improperly introduced into evidence. Defendant concedes that, with the oral confession, the State's evidence was sufficient to convict him. In view of our holding that the confession was properly allowed into evidence, it is unnecessary to further consider this argument.

Defendant's third contention is that the trial court improperly restricted his cross-examination of a State witness when he would not permit Officer King to testify whether it was police department policy to reduce oral confessions to writing.

In order to preserve a question of whether evidence was erroneously excluded for review, an offer of proof as to what the testimony would

be is necessary. (*People v. Burris* (1971), 49 Ill.2d 98, 273 N.E.2d 605.) The record reveals no offer of proof being made, and the issue was not preserved. Moreover, the extent of cross-examination rests within the sound discretion of the trial judge, and only when the abuse of that discretion results in manifest prejudice to the defendant will this court interfere. (*People v. Nicholls* (1969), 42 Ill.2d 91, 245 N.E.2d 771.) In the instant case, no manifest prejudice resulted to the defendant because of the trial court's ruling.

■■ Defendant's final contention is that he was prejudiced by certain improper testimony of Officer Sykes. Officer Sykes testified that all the witnesses at the line-up identified defendant. The trial judge immediately sustained defense counsel's objection and instructed the jury to disregard the remark. The court also gave a cautionary instruction admonishing the jury to disregard testimony which the court had stricken. In view of the prompt action of the trial judge, we believe that the improper statement resulted in no prejudice to defendant. See *People v. Wilson* (1972), 51 Ill.2d 302, 281 N.E.2d 626.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.