THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARL MOATS, Defendant-Appellant.

(No. 72-99; )

Third District—January 31, 1974.

James Geis, Deputy Defender, of Ottawa, for appellant.

Robert E. Richardson, State's Attorney, of Ottawa, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant appeals from a conviction for armed robbery following a jury trial pursuant to which defendant was sentenced to a term of five to ten years in the penitentiary by the Circuit Court of La Salle County. Defendant requests that his sentence be reduced and contends that the sentence was increased above that which he would have received if he had not insisted on a jury trial.

Defendant Earl Moats contends that the State's Attorney's office had offered to recommend a sentence of three to six years in return for a guilty plea. The assistant State's Attorney involved disputes that such was the offer. Defendant contends that he rejected the offer, pleaded not guilty and was tried by a jury and convicted. The trial was unique, in the circumstance that defendant had voluntarily chosen, as a matter of trial tactics, to waive his right to be present at his trial and was

absent from the trial, presumably to avoid an in-court identification. No witnesses were presented on behalf of defendant. Following conviction, the assistant State's Attorney recommended a sentence of ten to twenty years. The trial judge, following the conviction and after a hearing in aggravation and mitigation, sentenced defendant to five to ten years, as we have indicated. The applicable statute at the time of sentencing provided for a minimum sentence for armed robbery of two years with an unspecified maximum. There was evidence introduced at the hearing in aggravation and mitigation that defendant had two prior convictions for burglary and one for grand larceny.

■■ It is notable that the trial judge was not in any manner involved in the preliminary plea discussions and the court was certainly not bound by any offer or recommendation by the State's Attorney's office which may have been made. We have noted that the trial court has the power to determine what sentence will be imposed, and in absence of an abuse of discretion, the court's judgment will not be reversed on appeal (*People v. Brendeland* (1957), 10 Ill.2d 469; *People v. Hill* (3rd Dist. 1965), 58 Ill.App.2d 191, 195). The sentence of five to ten years imposed on defendant obviously was within the statutory limits of a minimum of two to a maximum of any number of years as provided by statute (Ill. Rev. Stat. 1969, ch. 38, § 18-2(b)). In the sentencing of defendant, the trial court relied, according to the record, on the facts which were presented at the trial showing the crime of armed robbery with a gun in which the people who were robbed were "afraid they were going to be killed." The court also considered defendant's prior convictions and sentences to which we have referred. The trial court actually noted, at the time of sentencing, that the court was also considering the right of society "to be protected" from people who start committing crimes as soon as they are released from the penitentiary. The court likewise gave consideration to the recommendation of the State's Attorney.

■■ It is obvious that even if the recommendation of the State's Attorney was higher after the trial than at the time of the plea offer before trial, this would not amount to a penalty to defendant for going to trial (*People v. Hart*, 52 Ill.2d 235). The State's Attorney's offer, if made, was simply a recommendation, as was true of his recommendation that the sentence be ten to twenty years, which was not in fact accepted by the court. So far as the record is concerned, the recommendation of the State's Attorney, if made, of three to six years, was not binding and might have been rejected by the court prior to trial. It has been noted by our Supreme Court that a difference in sentencing of a defendant who stands trial and another co-defendant who pleads guilty does not neces-

sarily mean that the reviewing court is required to take action (*People v. Martin* (1970), 47 Ill.2d 331, American Bar Association Standards Relating to Sentencing Alternatives, Feb. 1968, § 1.8(b) comments). The fact that there is simply a disputed plea offer made before trial and that the sentence recommendation by the State's Attorney is different following the trial (where the court was not involved in preliminary discussions and plea bargaining), we do not believe is a basis for reversal of the cause. There is nothing in the record to show that defendant was penalized in any manner because he chose to go to trial rather than plead guilty.

Since we find no reversible error in the record, the judgment of the Circuit Court of La Salle County will be affirmed.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.