THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOY EUGENE HINES, Defendant-Appellant.

(No. 74-280;

Fifth District—May 26, 1975.

Mudge & Riley, of Edwardsville, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro (Bruce D. Irish

and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

After a jury trial in the circuit court of Jackson County the defendant was convicted of the offenses of murder and solicitation to commit murder. The court imposed a sentence of not less than 25 nor more than 45 years' imprisonment for the crime of murder. No sentence was imposed for the offense of solicitation. The defendant was represented by retained counsel.

The defendant's initial contention on appeal is that he was denied his right to a trial by an impartial jury. The contention is based upon the allegation that the jurors had been exposed to pretrial publicity about the case and therefore were not likely to be fair and impartial. ■■ It is well settled that a defendant may not raise on appeal a question which was not properly presented to the trial court. (*People v. Curry*, 56 Ill.2d 162, 306 N.E.2d 292.) In the instant case defense counsel did not file a motion for a change of venue. Nor did he challenge for cause any of the jurors who were selected to hear the case or suggest in any way that the defendant could not receive a fair trial from an impartial jury. Thus, the issue presently raised by the defendant has not been properly preserved for appeal. Nevertheless, we will briefly consider the merits of the defendant's contention. The defendant argues that since several of the prospective jurors stated during *voir dire* that they had heard or read something about the defendant's case, the court should have asked detailed questions to determine whether the prospective jurors could be truly impartial. Only 30 prospective jurors were examined on *voir dire* before 12 jurors and one alternate were chosen to hear the case. Of those 30 prospective jurors only 4 testified that they had heard or read of the case and had formed an opinion which would prevent them from being impartial. Those four prospective jurors were dismissed. Of the 12 jurors selected to hear the case, 9 stated that they had read something about the case, and 2 others stated that they had heard about the case. All 12 jurors, however, testified that they had formed no opinion as to the guilt or innocence of the defendant. None of the jurors testified as to the nature of what they had read about the case, and no newspaper articles about the case were introduced into evidence. There is nothing in the record, therefore, which suggests that the newspaper articles were anything but unbiased factual accounts of the status of the defendant's case. Nor did any of the jurors state how many newspaper articles they had read about the case. Several jurors stated that they had read or heard very little about the case, and none

of the jurors indicated that they had heard or read about the case in great detail. It is also significant that defense counsel used only 8 of his 10 preemptory challenges during *voir dire*. He challenged only three prospective jurors for cause, and each challenge was granted.

■■ The record in the instant case does not establish that there was any publicity about the defendant's case which was likely to prejudice the defendant. Even if we assume that such publicity existed, however, it is well established that the proof of potentially harmful publicity within a community does not alone establish proof of community prejudice as each case must be judged on its own facts. (*People v. Torres*, 54 Ill.2d 384, 297 N.E.2d 142.) If a defendant alleged that community prejudice exists to such an extent that he cannot receive a fair trial, he has the burden to prove that the prejudice does actually exist and that there is a reasonable apprehension that he cannot receive a fair trial. (*People v. Aprile*, 15 Ill.App.3d 327, 304 N.E.2d 169.) The examination of jurors on *voir dire* is generally the most valuable method of determining whether pretrial publicity has so prejudiced the defendant that he could not receive a fair trial. (*People v. Torres.*) *Voir dire* examination in the instant case did not reveal community prejudice against the defendant. To the contrary, the *voir dire* examination suggests that the defendant was tried by an impartial jury which had not formed an opinion prior to trial as to his guilt or innocence. Further, the failure to challenge for cause any of the jurors who were sworn to try the case is strong evidence that counsel was convinced that the jurors were not biased and had not formed opinions as to the defendant's guilt. (*Beck v. Washington*, 369 U.S. 541, 8 L.Ed.2d 98, 82 S.Ct. 955; *People v. Torres.*) For the foregoing reasons, we find that the defendant was not denied his right to a trial by an impartial jury.

The defendant also contends that the trial court erred in restricting defense cross-examination of several State witnesses. The defendant refers to 12 instances in which the court sustained State objections to defense counsel's questions to State witnesses during cross-examination. Defense counsel did not tender an offer of proof with respect to any of those questions. Nor did he make specific arguments that the State's objections to the questions should be overruled.

■■ In order to preserve for review a question of whether evidence was erroneously excluded at trial, an offer of proof as to what the testimony would be is necessary. (*People v. Burris*, 49 Ill.2d 98, 273 N.E.2d 605; *People v. Noblin*, 15 Ill.App.3d 1060, 305 N.E.2d 658.) The exception to that rule is that an offer of proof need not be tendered to preserve the issue for review if the question asked by counsel shows the purpose

and materiality of the evidence, is in proper form and clearly admits of an answer relative to the issues. (*People v. Moretti*, 6 Ill.2d 494, 129 N.E.2d 709; *People v. Eilers*, 18 Ill.App.3d 213, 309 N.E.2d 627.) Our review of the record discloses that the exception to the general rule is not applicable in the instant case. We therefore hold that the issue concerning the cross-examination of State witnesses has not been properly preserved for review.

The defendant also contends that the trial court erred in admitting into evidence certain testimony concerning the defendant's participation in a crime unrelated to the offense charged. Rudy Weberling, a witness called by the State, testified that he and another man had been solicited by the defendant to commit a certain armed robbery. Weberling testified that the defendant provided a sawed-off shotgun to be used in the armed robbery, that the defendant provided transportation to the general area of the robbery on the date of the crime and that the defendant met Weberling after the armed robbery was committed and took a portion of the money that was taken in the robbery. Defense counsel failed to object immediately to Weberling's testimony, but he eventually objected that testimony concerning the armed robbery should not be admitted. The objection was overruled.

■■ The defendant alleges on appeal that the admission of Weberling's testimony constitutes reversible error. He relies on the general rule that evidence of the defendant's participation in crimes other than the offense charged is inadmissible. (*People v. Manzella*, 56 Ill.2d 187, 306 N.E.2d 16.) An exception to that rule is that evidence which tends to prove motive, intent, identity, accident or absence of mistake is admissible even though it may also involve proof of a separate offense. (*People v. Dewey*, 42 Ill.2d 148, 246 N.E.2d 232.) We find that Weberling's testimony in the instant case concerning the prior armed robbery was admissible in that it tended to prove the defendant's motive for the offense charged. The defendant was charged in the instant case with the murder of one Paul Rains and with solicitation to commit murder in that he offered to pay an individual to kill Rains. The State attempted to prove the defendant's motive for these offenses through the testimony of Weberling and one John Bauchens. Each witness testified that the defendant offered to pay him $2000 to kill Rains. Both Weberling and Bauchens further testified that the defendant wanted Rains killed because the defendant feared that Rains was going to inform the police of the defendant's criminal activities. In light of that testimony, we find that the evidence concerning the defendant's participation in the prior armed robbery was admissible because it tended to show that the de-

fendant was indeed involved in other criminal activities. Thus the evidence was relevant to the issue of motive and was therefore admissible.

The defendant next argues that the trial court erred in admitting two hearsay statements into evidence over objection. The alleged errors occurred during the direct examination of John Bauchens. Bauchens testified that he was asked by the defendant to kill Rains, that he refused the defendant's offer but that he did contact one Charles Robinson on behalf of the defendant to ask whether Robinson would kill Rains. The prosecutor asked Bauchens why he thought that Robinson would be interested in accepting the defendant's offer. When Bauchens responded that he had spoken to Robinson and that Robinson had stated that he hated policemen, defense counsel objected to the testimony on hearsay grounds. The court overruled the objection. Bauchens then testified that Robinson had told him of an incident in which Robinson had taken the car keys from two State policemen and then forced the policemen to strip. The defendant now contends that the testimony concerning the incident was inadmissible hearsay.

■■ The hearsay rule prohibits the introduction into evidence of an out of court statement which is offered for the truth of the matter asserted therein. (*People v. Carpenter*, 28 Ill.2d 116, 190 N.E.2d 738.) The hearsay rule does not encompass extrajudicial statements which are not offered for the purpose of proving the truth of the matters asserted in the statement. (*People v. Richardson*, 21 Ill.App.3d 859, 316 N.E.2d 37.) We find that Bauchens' testimony concerning what Robinson had stated about the incident with the policemen was not inadmissible hearsay because it was not offered to prove the truth of Robinson's statement. Whether Robinson was telling the truth when he related the incident to Bauchens is of no relevance. Bauchens' testimony was offered to prove that Bauchens had some basis to believe that Robinson was the type of individual who might be interested in the defendant's offer to kill Rains. The testimony was of some relevance because it tended to explain why Bauchens approached Robinson on behalf of the defendant.

■■ The defendant also contends that there was a second violation of the hearsay rule during Bauchens' testimony. The prosecution asked Bauchens several questions about Bauchens' meeting with Robinson. Bauches responded to one of those questions by stating that Robinson asked Bauchens how he, Bauchens, would kill Rains if he had accepted the defendant's offer. Defense counsel then objected that the testimony constituted hearsay. The objection was overruled. Bauchens then repeated that Robinson had asked how he, Bauchens, would kill Rains. Bauchens testified that he replied to Robinson by stating that he, Bauchens, did not know how he would do the killing.

The defendant argues that the testimony about this conversation between Bauchens and Robinson was inadmissible. The only thing which was asserted during the conversation was that Bauchens did not know how he would kill Rains if he were going to do so. There was no direct assertion made in Robinson's question to Bauchens. Bauchens' testimony about the conversation obviously was not introduced to prove that Bauchens did not know how he would kill a person. The testimony was introduced to show that an agreement had been reached between Robinson, the person who allegedly performed the actual killing of Rains, and Bauchens, the emissary for the defendant. Thus, the testimony was not hearsay.

The defendant's next contention is that the trial court erred in refusing to give two jury instructions tendered by the defense counsel. The first such Instruction No. 11 was identical to IPI—Criminal No. 3.02. The first paragraph of the tendered instruction included a definition of circumstantial evidence and an admonition that circumstantial evidence may be considered by the jury with other evidence. The second paragraph of the instruction stated:

"You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

The Committee note to IPI—Criminal No. 3.02, states that the second paragraph of the instruction should be given only when proof of guilt is *entirely* circumstantial. The prosecutor objected to defendant's Instruction No. 11 on the ground that the State's evidence was not entirely circumstantial. The trial court refused the instruction, and defense counsel did not contest that ruling with any argument.

The defendant contends on appeal that, while the State's evidence was not entirely circumstantial with respect to the charge of solicitation to commit murder, the evidence was entirely circumstantial with respect to the charge of murder. He argues that defendant's Instruction No. 11 should have been given to instruct the jury with respect to the charge of murder. The State maintains that some direct evidence was introduced which tended to prove the defendant guilty of the offense of murder.

The defendant was convicted of murder pursuant to the accountability statute. (Ill. Rev. Stat., ch. 38, par. 5—2.) It was alleged that the defendant aided and abetted Charles Robinson in murdering Paul Rains and was therefore accountable for the actions of Robinson. The State introduced an abundance of direct evidence tending to prove that the defendant did aid and abet Robinson in murdering Rains. John Bauchens testified that he approached Robinson on behalf of the de-

fendant and told Robinson that the defendant would pay him $2000 if he, Robinson, killed Rains. After Robinson informed Bauchens that he would accept the offer, Bauchens arranged a meeting between Robinson and the defendant. Bauchens testified that he was present at that meeting and that Robinson told the defendant that he, Robinson, would kill Rains. After the agreement was reached, Bauchens, Robinson and the defendant drove to the area in which Rains lived. Bauchens drove the automobile, but the defendant gave directions. Upon reaching a trailer court, the defendant pointed out the mobile home in which Rains resided. The defendant then informed Robinson that Rains lived with two ladies and a baby. Bauchens further testified that the defendant and Robinson discussed the method by which Rains would be killed. Bauchens also stated that the defendant produced two sawed-off shotguns and offered them to Robinson to use in the murder. Robinson indicated that he would get the guns from the defendant later in the day. Bauchens testified that he was present at another meeting between the defendant and Robinson about two days after Rains was killed. Bauchens told the defendant at the meeting that everything had gone fine, and the defendant then paid Robinson $2000. Bauchens also stated that Robinson told him that he, Robinson, had in fact used one of the defendant's shotguns to kill Rains.

We find that Bauchens' testimony does constitute direct evidence that the defendant did aid and abet Robinson in the murder of Rains. The trial court did not err, therefore, in refusing defendant's Instruction No. 11.

■■■ The defendant also contends that the court erred in refusing to give defendant's Instruction No. 26. That instruction, which is not included in IPI—Criminal, stated:

> "The court further instructs the jury that if, on the trial of a criminal case, there arises out of the evidence two equally credible theories, one pointing to the guilt of the defendant and the other pointing to the innocence of Loy Eugene Hines, under such circumstances the law requires the jury to adopt the theory of innocence and find Loy Eugene Hines not guilty; and in this case if you believe that out of the evidence there have arisen two equally credible theories, one pointing to the guilt of the defendant and the other pointing to the innocence of Loy Eugene Hines, then under such circumstances it would be the duty of the jury to adopt that theory, pointing to the innocence of Loy Eugene Hines, and find him not guilty."

While defendant's Instruction No. 26 does constitute an accurate statement of the law, we find that the trial court did not err in refusing the

instruction. When a party tenders an instruction which is not found in IPI—Criminal, the trial court has discretion to determine whether the instruction should be given. (Ill. Rev. Stat., ch. 110A, par. 451(a).) That discretion is abused if the court's refusal to give an instruction results in the jury not being instructed as to a defense theory of the case which is supported by some evidence. The defendant alleges that the court abused its discretion in refusing defendant's Instruction No. 26 because that instruction represented his theory of the case. Specifically, the defendant's alleged theory is that some person other than Charles Robinson may have performed the actual killing of Rains. The defendant alleges that the theory is supported by the evidence because there was some testimony that persons other than the defendant had motives to kill Rains. The defendant introduced no evidence, however, which tended to prove that some person other than Robinson may have actually murdered Rains. We believe that the defendant's purported theory of defense is no more than a simple allegation that he is not guilty. He states as his theory of the case that some person other than he or Robinson may have killed Rains. We find that this theory of defense was adequately presented to the jury through People's Instruction No. 6. That instruction was IPI—Criminal No. 2.03 and stated:

"The defendant is presumed to be innocent of the charges against him. This presumption remains with him throughout every stage of the trial and during your deliberations on the verdict, and is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

The State has the burden of proving the guilt of the defendant beyond a reasonable doubt, and this burden remains on the State throughout the case. The defendant is not required to prove his innocence."

Since the defendant's purported theory of defense is no more sophisticated than that he was not guilty, the above instruction did adequately present his theory of the case. We therefore hold that the trial court did not err in refusing defendant's Instruction No. 26.

■■ The defendant has filed a reply brief which raises an issue which was not considered in his brief. Because the reply brief raised a new issue, the State filed a motion to strike the reply brief. We ruled that the motion would be taken with the case. As a general rule, new issues cannot be raised in a reply brief. (Ill. Rev. Stat., ch. 110A, par. 341(g); *People v. Calhoun*, 46 Ill.2d 60, 263 N.E.2d 69.) That rule can be relaxed, however, if the reviewing court finds that the circumstances justify such action. (*Herren v. Zoning Board of Appeals*, 4 Ill.App.3d 342, 280

N.E.2d 463.) In the instant case the issue raised by the defendant in his reply brief could not have been raised in his brief. This is because the issue is based upon a fact which occurred after the defendant filed his brief. We therefore deny the State's motion to strike the defendant's reply brief and will consider the merits of the issue raised.

■■ The defendant has filed documents showing that on January 20, 1975, Charles Robinson pled guilty to the offense of conspiracy to commit murder and two counts of armed robbery. Robinson was given three concurrent sentences of 6 to 18 years for the offense of conspiracy and 10 to 30 years for each armed robbery. The charge of conspiracy was allegedly based upon the murder of Rains. The defendant alleges that he should be awarded a new trial for the offense of murder because, if the State could not prove Charles Robinson guilty of murder, he, the defendant, should not have been found guilty of murder. The defendant alleges in the alternative that his sentence for the offense of murder should not exceed the sentence imposed upon Robinson for the offense of conspiracy to commit murder. The defendant's contentions are without merit.

The fact that the State may have reduced the charge against Robinson from murder to conspiracy to commit murder is not proof that Robinson was not guilty of murder or that he could not have been convicted of murder. This is especially true in light of the fact that Robinson pled guilty to conspiracy at the same time that he pled guilty to two charges of armed robbery. The State may have legitimately reduced the murder charge against Robinson so that he would enter guilty pleas to all three charges. We therefore hold that the defendant is not entitled to a new trial.

■■ Nor is the defendant entitled to have his sentence reduced. A difference in sentencing of a defendant who stands trial and another codefendant who pleads guilty does not necessarily mean that the reviewing court is required to take action. (*People v. Martin,* 47 Ill.2d 331, 265 N.E.2d 685; *People v. Moats,* 16 Ill.App.3d 840, 307 N.E.2d 156.) A sentence cannot stand, of course, if there is a showing that the defendant was punished merely because he exercised his constitutional right to trial. (*People v. Martin.*) The transcript of the sentencing hearing reveals that a pre-sentence report was prepared and was considered by the trial court in passing sentence. A request that the report be included in the record on appeal was not included in the defendant's praecipe of record, however, and the presentence report is not included in the record. There may have been factors included in the report, such as the statement that the defendant had one or more prior criminal convictions, which justify the imposition of a sentence upon the defendant

greater than that imposed upon Robinson. We therefore hold that the defendant has failed to make a showing that he has been punished for exercising his constitutional right to trial and that the sentence imposed upon the defendant may stand.

For the foregoing reasons, the judgment of the circuit court of Jackson County is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.