THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KENNETH D. HENRICKS, Defendant-Appellant.

(No. 74-317;

Third District—September 22, 1975.

Julius L. Echeles, of Chicago, for appellant.

C. Brett Bode, State's Attorney, of Pekin (Jay H. Janssen, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Kenneth Henricks, was indicted for rape, deviate sexual assault and indecent liberties with a child. After trial by jury defendant was found guilty of rape and indecent liberties but the circuit court of Tazewell County entered judgment only upon the verdict finding defendant guilty of rape. It is from this judgment defendant takes this appeal.

The first issue relates to the sufficiency of the evidence to support the verdict of guilty on the charge of rape. On the afternoon in question the prosecutrix, Sandra Bush, was babysitting in defendant's home. Shortly after defendant arrived home he removed most of Miss Bush's clothing and kissed her vaginal area. As she was about to leave he demanded she stay. They proceeded to have intercourse on the living room floor; according to her, without her consent, according to him, with her consent. No weapon was used nor was Miss Bush injured in any way other than having had her hymen ruptured. After the act of intercourse, the fact but not the circumstances of which defendant admits, she went into the bathroom and noticed she was bleeding including on the bathroom floor. Defendant gave her a sanitary napkin and also safety pins to fasten the suspender-like straps of her culotte outfit, the buttons of which had come off during the course of the afternoon. After she left defendant's house she complained to three young men neighbors whom she saw walking nearby and later complained to the family of one of these youths. She testified she repeatedly screamed. A defense witness who lived next door testified he was home during the time in question and heard no screams or commotion. There was evidence the front door was open during most of the time in question and a screen door rather than a solid door was on the front of defendant's house. The prosecutrix testified during the first act she struggled and screamed and defendant told her to shut up or he would put his fist down her throat. Defendant denied this. She also claims she struggled and resisted intercourse. Defendant also denies this. While she claims the front door was a screen door, a girl who lived in the house with defendant claimed it was one-third glass, one-third aluminum and one-third screen. Another witness testified he was sure there was glass in the door on the date question. At the time of the incident in question prosecutrix was 5'2" tall, 100 pounds and 15 years old. Defendant was 5'7" and 170 pounds.

Defendant contends the evidence was insufficient to establish his guilt beyond a reasonable doubt of rape. Numerous cases are cited both in support of and in opposition to defendant's position. There is no dispute as to whether an act of intercourse occurred between defendant and prosecutrix. The issue is whether such act was performed against her will and without her consent. Defendant cites cases to support his conclusion that due to the lack of resistance there was consent, which is a complete

defense to the charge of rape. We have no argument with defendant's citing of Lord Hale's observation that an accusation of rape is easily made, hard to be proved and still harder to be defended by one ever so innocent. *People v. Freeman*, 244 Ill. 590, 91 N.E. 708; 1 Hale's Pleas of the Crown 634.

■■ None of the cited cases are exactly on point and due to their large number it would unduly lengthen this opinion to distinguish each of them. The crux of defendant's argument is even if defendant commanded proxecutrix to comply with his demands and threatened to hit her if she screamed, he was unarmed and she could have but did not resist to the extent required by law. The general rule in rape cases is there is no standard for determining the amount of resistance required and such determination must be made from the facts and circumstances of each case. (*People v. Montgomery*, 19 Ill.App.3d 206, 311 N.E.2d 361.) In the instant case the evidence, although disputed, is sufficient to support the judgment of the lower court.

■■ The second issue is whether the court committed prejudicial error and denied defendant a fair trial by permitting the prosecutrix and other witnesses to testify over defense objection to the contents of the prosecutrix' complaints to them. The testimony here included the prosecutrix' reference to the defendant as the man who did everything to her. Defendant argues while it is proper in a sexual assault case to admit the fact of spontaneous declarations by the complainant to the effect she made a complaint in order to corroborate her testimony that she was attacked, it is reversible error to admit evidence of the contents of such complaints, including her accusation of a particular person as the attacker. Illinois law regarding the criteria for the admission of statements within the "spontaneous declaration" or "excited utterance" exceptions to the hearsay rule is: "Three factors are necessary to bring a statement within this exception to the hearsay rule: (1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence." (*People v. Poland*, 22 Ill.2d 175, 174 N.E.2d 804.) There is no question rape constitutes an occurrence sufficiently startling to produce a spontaneous and unreflecting statement. The evidence also showed that shortly after leaving the home of defendant the prosecutrix made the statements to the witnesses and accordingly this would fall within the requirement that there be an absence of time to fabricate. The statements made by the prosecutrix to the witnesses did relate to the occurrence. The statements in the instant case fall within the criteria set forth in *People v. Poland*. The distinction between statements admitted as spontaneous declarations and those admitted merely for corroboration is discussed in *People v. Damen*, 28 Ill.2d 464, 193 N.E.2d 25. Statements

admitted merely for corroboration are admitted solely for the purpose of rebutting the presumption arising from the silence of the complainant and therefore, in such admissions it is unnecessary to show the details of the declaration. It is only necessary to show the fact of the making of such statement in order to negative the presumption arising from silence. A spontaneous declaration, on the other hand, is admitted to prove the truth of the matter asserted.

■■ The final issue relates to defendant's contentions he was deprived of a fair trial by the court's refusal to instruct upon his theory of the case concerning resistance taken together with the court's refusal to permit defense counsel so to argue to the jury and the prosecutor's argument that no evidence of resistance was necessary to establish the element of force needed to prove the offense of rape. The requested instruction read as follows: "The jury is instructed that the rule of law with respect to consent to sexual intercourse or deviate sexual assault is that the victim must resist where she has the use of faculties and physical powers, but useless or foolhardy acts, as where she is overcome by superior force, fear, or where resistance would endanger her life are not necessary." We do not agree with the State that such instruction does not correctly state the law but we still must hold that in light of the other instructions given no error was committed by refusing to grant the requested instruction and in not permitting counsel to argue regarding it to the jury. The other instructions made it clear that in order to find defendant guilty it was necessary to find the act of intercourse was by force and against the will of the prosecutrix. The giving of the requested instruction would be repetitious at least in part and the rule is when a party tenders an instruction which is not found in IPI—Criminal the trial court has discretion to determine whether the instruction should be given. (Supreme Court Rule 451(a), Ill. Rev. Stat. 1973, ch. 110A, par. 451(a); *People v. Hines*, 28 Ill.App.3d 976, 329 N.E.2d 903.) The failure to give such instruction constitutes an abuse of discretion if such refusal results in the jury not being instructed as to a defense theory of the case which is supported by some evidence. (*People v. Hines*, 28 Ill.App.3d 976, 329 N.E.2d 903.) Defendant argues the prosecutor's remarks during closing arguments to the effect that no evidence of resistance was necessary to establish the element of force to prove the offense of rape were improper. Due to the fact that in the instant case the defense made no objection to such argument we need not deal with this on appeal.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.