THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD CRAIG, Defendant-Appellant.

Fifth District   No. 78-532

Opinion filed December 7, 1979.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, and Martin Rothfelder, law student, for appellant.

Patrick J. Hitpas, State's Attorney, of Carlyle (Raymond F. Buckley, Jr., and Gary L. Cobe, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

The defendant, Donald Craig, appeals from a judgment of the circuit court of Clinton County entered on a jury verdict finding him guilty of the offense of burglary. Defendant was sentenced to a term of three years imprisonment following a sentencing hearing at which arguments in aggravation and mitigation were considered. On appeal defendant contends (1) that possession by him of property removed from a nearby garage was not proved beyond a reasonable doubt; (2) that the trial court improperly excluded the second paragraph of Illinois Pattern Jury Instructions, Criminal, No. 3.02 (1968), (hereinafter cited as IPI Criminal); (3) that his non-IPI Criminal instruction was erroneously denied submission to the jury; and (4) that the scope of cross-examination by defense counsel directed toward demonstrating police bias and investigatory insufficiency was improperly restricted. We affirm.

On the night of June 12, 1978, an outboard boat motor was taken from an unlocked garage on the premises of Arnold Abel in Trenton, Illinois. Evidence at trial tended to establish that the detached structure, situated at the rear of the Abel home, at the intersection of Illinois Highways 160 and 50, had been entered at approximately 10 p.m. in order to effect the theft.

Sometime between 9:45 p.m. and 10:15 p.m., Joseph Kulbrecher, a neighbor residing two doors to the south of the Abel residence, was returning to his home. As Kulbrecher turned into his driveway he spotted

the defendant lying face down beneath a lawn swing in his yard approximately 15 feet away. The motor lay on the ground beside Craig. As the witness stepped from his car, the defendant jumped up and inquired as to the location of a street. According to Kulbrecher, without receiving an answer, the defendant proceeded to a pickup truck parked on the adjacent street and drove off, leaving the motor behind. The witness then unsuccessfully attempted to pursue the truck in his own vehicle. However, as he approached his home, he again saw the truck passing slowly in front of his yard. He honked at it as he drove up. The truck resumed speed and proceeded west on Illinois 50 with the witness following. A short time later Kuhlbrecher flagged down a patrolling police officer who apprehended the suspect without incident.

■■ As his first assignment of error appellant contends that he was not proved guilty beyond a reasonable doubt because his possession of the stolen motor was not conclusively demonstrated by evidence of his presence next to it shortly after the perpetration of the crime. It is well established that recent, exclusive and unexplained possession of the proceeds of a burglary by an accused in and of itself gives rise to an inference of guilt. Such an inference may be sufficient to sustain a conviction where there are absent other facts which indicate, in the mind of the jury, a reasonable doubt as to guilt. (*People v. Woods* (1963), 26 Ill. 2d 557, 188 N.E.2d 1, *cert. denied* (1963), 373 U.S. 945, 10 L. Ed. 2d 699, 83 S. Ct. 1555; *People v. Pride* (1959), 16 Ill. 2d 82, 156 N.E.2d 551.) Possession is, under these circumstances, a determination for the jury to make as a question of fact. That determination will not be disturbed unless there are facts and circumstances present which create a reasonable doubt as to the appellant's guilt. (*People v. Espero* (1978), 65 Ill. App. 3d 133, 382 N.E.2d 542.) As we indicated in *People v. Rogers* (No. 79-19, filed Oct. 15, 1979), 77 Ill. App. 3d 989, 397 N.E.2d 28, the trier of fact is not required to elevate to the status of reasonable doubt any shred of evidence compatible with innocence. Neither is the State required to establish guilt beyond all possibility of doubt.

■■ In reference to the issue of possession, it is not essential that the appellant actually be physically holding or touching the stolen property. (*People v. Colby* (1963), 27 Ill. 2d 273, 189 N.E.2d 317; *People v. Bivens* (1970), 123 Ill. App. 2d 79, 259 N.E.2d 607.) He is deemed to be in possession where, as here, close proximity shortly after the commission of the theft, under circumstances which make it appear that the accused was attempting to conceal his presence, can lead the trier of fact to no other reasonable conclusion. In *Colby*, a case factually similar to ours, the accused was discovered in the early morning hours near the rear entrance of the burglarized store. Stolen property was found lying three feet away from him when apprehended.

■■ We do not find the cases cited by the appellant on the issue of possession to be persuasive. For instance, in *People v. Calhoun* (1977), 46 Ill. App. 3d 691, 361 N.E.2d 55, dominion and control by the defendant was the gravamen of the State's case concerning constructive possession of a controlled substance. The issue was one of accountability for the crime where the defendant was not a tenant of the apartment in question but merely a visitor. In *People v. Thruman* (1977), 52 Ill. App. 3d 13, 367 N.E.2d 379, the suspect was likewise only present in the home of another subsequently charged with burglary. Proof of sufficient connection with stolen goods was not provided by the State.

■■ The appellant next objects to the failure of the trial court to allow the second paragraph of his proposed instruction No. 4, IPI Criminal No. 3.02 (circumstantial evidence), to be submitted to the jury. That instruction provides:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of a defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict."

And its second paragraph reads:

"You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

This second paragraph is optional and should not be given unless all the evidence presented is circumstantial in nature. Indeed, the Committee Note to IPI Criminal No. 3.02 reads: "The second paragraph should be given only when the proof of guilty [*sic*] is *entirely* circumstantial." (*People v. Panus* (1978), 62 Ill. App. 3d 177, 379 N.E.2d 319, *rev'd on other grounds* (1979), 76 Ill. 2d 263.) The appellate court has commented in the past on the problems of distinguishing circumstantial from direct evidence in the context of reviewing IPI Criminal No. 3.02 and has noted the reluctance of courts to rule that failure to submit the second paragraph is reversible error. (*People v. Jackson* (1976), 37 Ill. App. 3d 279, 345 N.E.2d 509; *People v. Hammers* (1976), 35 Ill. App. 3d 498, 341 N.E.2d 471, *cert. denied* (1976), 429 U.S. 1002, 50 L. Ed. 2d 614, 97 S. Ct. 534.) Indeed, it has been noted that the present second paragraph misstates the law and revision has been suggested. See *People v. Godsey* (1978), 57 Ill. App. 3d 364, 373 N.E.2d 95, *rev'd on other grounds* (1978), 74 Ill. 2d 64, 383 N.E.2d 988.

In the instant case direct evidence was offered by a witness as to the possession of stolen property and flight from the scene. There is no intervening process involved since that testimony applies immediately to

the facts to be proved. We therefore hold that the trial court did not err in deleting the second paragraph of IPI Criminal No. 3.02.2

The appellant also contends that the court erred in refusing to give defendant's instruction number 7. That instruction, which is not included in IPI Criminal, stated:

"An individual's presence at 'or near the scene of a crime is, without more, not sufficient to prove him guilty beyond a reasonable doubt."

When a party tenders an instruction which is not found in IPI Criminal, the trial court has the discretion to determine whether the instruction should be given. (Ill. Rev. Stat. 1977, ch. 110A, par. 451(a).) Discretion is abused when the court's refusal to give an instruction would result in the jury not being instructed as to a theory of defense supported by some evidence at trial. *People v. Henricks* (1975), 32 Ill. App. 3d 49, 335 N.E.2d 521; *People v. Hines* (1975), 28 Ill. App. 3d 976, 329 N.E.2d 903.

■■ Although the appellant's instruction accurately reflects the law, we find that such an instruction was not required because the record reveals no evidence that would constitute such a "theory of defense." Rather than constituting a theory, the proposed instruction is little more than an assertion of innocence. When we consider further that IPI Criminal No. 2.03 (presumption of innocence, burden of proof, and quantum of proof) together with IPI Criminal No. 14.06 (necessary elements for a burglary conviction) were submitted to the jury, the denied instruction was merely redundant.

In addition, it is appellant's contention that the scope of cross-examination of the arresting officer was improperly restricted concerning the latter's failure to discuss the case with defense counsel prior to trial. It is appellant's assertion that such questioning was directed at demonstrating bias on the part of the officer in question.

■■ ■ The trial court has discretion to restrict the scope of cross-examination (*People v. McCain* (1963), 29 Ill. 2d 132, 193 N.E.2d 784), but only in situations where that discretion has been clearly abused so as to materially affect the outcome of the trial will the case be reversed on such basis. (*People v. Jones* (1931), 343 Ill. 291, 175 N.E. 414; *People v. Young* (1968), 100 Ill. App. 2d 377, 241 N.E.2d 507.) Contrary to appellant's assertions, the cross-examination proposed would not have been probative of any material issue. The record reveals that the investigating officer in question did not refuse to discuss the case with defense counsel but rather wished to meet in person, in the presence of the prosecuting attorney, in order to review the case. It is true that he did not wish to confer by telephone, but from this it cannot be said that he refused cooperation or attempted to impede opposing counsel's investigation. In

any event, it is to be noted that a prosecution witness is not obligated to grant an interview to defense counsel. (*People v. McAleer* (1975), 34 Ill. App. 3d 821, 341 N.E.2d 72.) Appellant's assertion of error under this contention is without merit.

■■■ Finally, it is alleged that cross-examination was erroneously denied in the matter of the fingerprint investigation of the stolen property. Subsequent to the arrest a crime lab technician dusted the motor involved for evidence of fingerprints and this official sought to testify that he was unable to obtain satisfactory results due to the oily surface of the motor housing. Through this line of inquiry the State intended to establish the reason why no fingerprints were produced connecting appellant with the motor. Appellant objected to the testimony and was sustained. Later the appellant sought to question the arresting officer as to his knowledge of the fingerprint investigation, attempting to demonstrate bias and police inefficiency. The prosecution objected at this point, stating that defense counsel had foreclosed this area of inquiry, and was sustained. If the State is not permitted to offer an explanation for the missing evidence by appellant's own motion, then the latter cannot be heard to complain if denied the right to cross-examine regarding the same subject matter and for the same purposes. It is axiomatic that appellant is in no position to challenge as error that which he secured and sought to profit by. (*People v. Morgan* (1976), 40 Ill. App. 3d 711, 352 N.E.2d 444, *cert. denied* (1977), 431 U.S. 930, 53 L. Ed. 2d 246, 97 S. Ct. 2635.) Appellant has himself conceded that the police testimony was not central to the State's case. We therefore find that appellant was proved guilty beyond a reasonable doubt on the evidence presented at trial, irrespective of the fingerprint matter.

The judgment of the circuit court of Clinton County is affirmed.

Affirmed.

JONES, P. J., and KASSERMAN, J., concur.