THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
QUINTEN SMITH, Defendant-Appellant.

First District (1st Division)    No. 81-656

Opinion filed June 28, 1982.

James J. Doherty, Public Defender, of Chicago (Timothy K. McMorrow, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, David A. Shapiro and Barbara A. Levin, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Quinten Smith was convicted by a jury of two counts of murder and two counts of armed robbery and was sentenced to concurrent terms of 60 years for each murder and 20 years for each armed robbery. Defendant raises the following issues on appeal: (1) whether the trial court erred in refusing to excuse a juror where the juror prior to trial expressed an opinion that defendant should receive a severe penalty if convicted; and (2) whether the trial court erred in refusing a tendered jury instruction concerning an "afterthought" robbery.

For the reasons set forth herein, we affirm.

Since defendant does not contend that the evidence did not establish

his guilt beyond a reasonable doubt, it is not necessary to set forth the evidence in detail.

Following *voir dire* and the impanelling of the jury, a juror approached the trial judge and informed him that in the event that defendant was found guilty, the juror believed that defendant should receive a serious penalty. The court then conducted further *voir dire* of this juror in chambers with the assistant State's Attorney and defense counsel present. The juror indicated to the court that he did not have an opinion as to the guilt or innocence of defendant. The court further determined that the juror would keep a fair and open mind as to the guilt or innocence. The juror stated his belief that "the coat of justice should be enforced. And the person; in the event that he is found guilty, that the appropriate penalty be levied." The court stated that it did not believe that defendant had made the requisite showing for dismissal of the juror for cause and denied defendant's request to dismiss the juror.

The evidence disclosed that on June 28, 1979, while on routine patrol, Officer Therston McClendon of the Chicago Police Department was "flagged down" by a pedestrian. McClendon followed the pedestrian approximately 150 feet to Sullivan's Car Wash where he discovered the bodies of William Lankland and Robert Harrison. McClendon stated that the cash register was open and coins were scattered on the floor.

Melvin Sullivan, the owner of the car wash, stated that Lankland had been employed at the car wash for approximately 25 years and that he was the business' night watchman. Sullivan testified that Harrison had been employed for approximately two years. He testified that his automobile and approximately $300 were taken. Sullivan stated that defendant had been employed at the car wash for two years. Sullivan identified a hat which was recovered from his automobile as the hat worn by defendant on June 28.

Officer Chester Ciotuszynski stated that at approximately 3:50 a.m. on July 1, 1979, he stopped a vehicle which was being operated without headlights and a broken windshield. The witness stated that he ascertained that the vehicle was wanted in connection with a homicide and that he arrested the driver and passenger. It was determined that the vehicle was owned by Melvin Sullivan.

Investigator John Doty stated that he arrested defendant at his apartment on July 1, 1979. Doty stated that defendant had made two statements concerning the events of June 28. In the first statement, defendant told Doty that he had worked at the car wash on June 28 and that he returned in the evening to retrieve a jacket which he had left at the car wash. Defendant discovered that William Lankland was alone and he decided to rob the car wash. Defendant hit Lankland and then broke a window in the cashier's cage. He told Doty that he then took Sullivan's

vehicle and left the car wash. In the second statement, defendant told an assistant State's Attorney that he was speaking with Lankland at the car wash when Robert Hilliard entered to use the washroom. Robert Harrison then entered and Harrison and defendant began to argue. Defendant then picked up a tire jack and told Harrison to "stop messing with me." Harrison then struck defendant in the chest and defendant hit Harrison with the tire jack. Hilliard, who had returned from the washroom, took the tire jack from defendant and hit Lankland in the head several times. On cross-examination, Doty stated that in the second statement, defendant stated that there was no prior plan to rob the car wash and it was only after Hilliard struck Lankland that he and Hilliard decided to commit the robbery and take Sullivan's automobile. On redirect examination, Doty stated that he was told by defendant that he and Hilliard intended to rob the car wash before anything had occurred.

The State also presented other witnesses to corroborate the testimony of its witnesses. The jury also heard testimony concerning the recovery of physical evidence, including fingerprint identification. The jury found defendant guilty of two counts of murder and two counts of armed robbery. The court sentenced defendant to extended terms of 60 years for each of the murders and terms of 20 years for each of the armed robbery counts. All sentences were concurrent.

Defendant argues that the trial court erred in denying his request to dismiss a juror where the juror stated to the court that defendant should be severely punished if convicted. Defendant contends that this indicates that the juror had a preconceived opinion as to his guilt, thereby denying defendant his right to trial by an impartial jury. (See *People v. Cole* (1973), 54 Ill. 2d 401, 298 N.E.2d 705.) Defendant argues that the fact that the juror voluntarily approached the court prior to hearing any evidence strongly suggests the bias of the juror.

■■ The determination of whether to permit a challenge for cause rests within the sound discretion of the trial court. (*People v. Hyche* (1979), 77 Ill. 2d 229, 396 N.E.2d 6.) Under the facts presented in the instant case, we do not believe that it was an abuse of discretion to permit the juror to remain on the panel. The trial judge conducted additional *voir dire* of the juror. The court determined that the juror did not have any preconceived opinion as to defendant's guilt or innocence and that the juror's concern was that if defendant was found guilty, that he receive a severe sentence. The court informed the juror that sentencing was solely the concern of the court and that the juror need only be concerned with listening to the evidence and arriving at a verdict thereon. Finally, the trial judge instructed the juror not to communicate to the other jurors any of the events or conversations concerning defendant's challenge to the juror. There is no persuasive or convincing evidence that the juror was biased or

prejudiced against defendant and, accordingly, we hold that the trial court did not err in denying defendant's challenge to the juror. See *People v. Hyche.*

Defendant contends that the trial court erred in refusing a defense-tendered instruction that defendant was not guilty of armed robbery if the taking of property was an afterthought and not connected with the use of force. Defendant argues that it was an abuse of discretion by the court to refuse to give to the jury a non-Illinois Pattern Jury Instruction (hereinafter IPI) where such refusal resulted in the jury not being instructed on a defense theory which was based upon some evidence. (See *People v. Hines* (1975), 28 Ill. App. 3d 976, 329 N.E.2d 903.) Defendant maintains that in order to be convicted of robbery, there must be a relationship between the use of force and the taking of property. (*People v. King* (1979), 67 Ill. App. 3d 754, 384 N.E.2d 1013.) Defendant argues that if property is taken as an afterthought to the use of force, there is no robbery. *People v. Pack* (1976), 34 Ill. App. 3d 894, 341 N.E.2d 4.

■■ We are not persuaded that the trial court committed error by its refusal to read to the jury a non-IPI instruction concerning the taking of property as an afterthought. A non-IPI instruction should only be given on matters where an IPI instruction does not adequately state the law. (See *People v. Haywood* (1980), 82 Ill. 2d 540, 413 N.E.2d 410.) IPI Criminal Nos. 14.01 and 14.02 (1968) were given to the jury. These two instructions clearly indicate that the taking of property is to be accompanied by the use of force if the jury is to find defendant guilty of armed robbery. We view an instruction pertaining to the taking of property as an afterthought to be duplicative of IPI Criminal Nos. 14.01 and 14.02 and, therefore, unnecessary. In addition, we note that the trial court did not believe that there was any evidence which indicated that the robbery was an afterthought. Accordingly, we hold that the trial court did not abuse its discretion in refusing to give to the jury a non-IPI instruction concerning the taking of robbery as an afterthought to the use of force. See *People v. Larson* (1980), 82 Ill. App. 3d 129, 402 N.E.2d 732.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.